**Evelyn FLOWERS, Plaintiff/Appellant,**

v.

**DYER COUNTY, TENNESSEE,
Defendant/Appellee.**

Supreme Court of Tennessee,
at Jackson.

March 30, 1992.

Rehearing Denied May 4, 1992.

Larry C. Sanders, Garrety & Sanders, P.C., Jackson, for plaintiff/appellant.

Ed Bryant, Robin L. Fisher, Waldrop, Breen, Bryant, Crews, Taylor & McCleary, Jackson, for defendant/appellee.

Dyer County Bar Ass'n, William K. Randolph, President c/o Thomas E. Weakley, Dyersburg, for amicus curiae.

## OPINION

O'BRIEN, Justice.

This appeal was brought to determine whether a complaint which asserts a claim under the Governmental Tort Liability Act filed in the Chancery Court of Dyer County in the 29th Judicial District must be dismissed upon motion by the defendant on the grounds that that court does not have subject matter jurisdiction. The applicable statutes require that the suit be transferred to the circuit court for trial pursuant to T.C.A. § 16–11–102.

The plaintiff, Evelyn Flowers, brought suit in the Dyer County Chancery Court seeking damages against Dyer County for personal injury and property damage sustained when the vehicle she was operating collided with a railway train. Plaintiff relied exclusively upon the statutory provisions of the Governmental Tort Liability Act (GTLA).

In response, defendant, Dyer County, filed a motion pursuant to Tenn.R.Civ.P. 12.02 to dismiss the proceedings under the premise that the Dyer County Chancery Court lacked the requisite subject matter jurisdiction to hear a lawsuit brought under the provisions of GTLA. After a hearing on the matter the chancellor entered an order denying defendant's motion.

An interlocutory appeal was granted by the trial court and by the Court of Appeals. The intermediate appellate court, relying on T.C.A. § 29–20–104(a) and T.C.A. § 29–20–201(c) noted that the subject statutes provide that all acts or statutes in conflict with the provisions of the GTLA shall only be applicable to government entities exercising the right not to come under its provisions, and expressly state that when immunity is removed by the GTLA, any claim for damages must be brought in strict compli-

ance with the terms of the chapter. Additionally, T.C.A. § 29–20–307 specifically sets forth that the circuit courts shall have exclusive original jurisdiction over any action under the GTLA.

■ The appellate court recognized that T.C.A. § 16–2–506(29)(A) was a subsequent enactment, but held that the later legislation did not affect, either by implication or otherwise, the GTLA provision placing exclusive jurisdiction within the circuit court. *Jenkins v. Loudon County*, 736 S.W.2d 603, 608 (Tenn.1987), is cited for the rule that where the repealing effect of a statute is in doubt, the statute must be strictly construed to effectuate its consistent operation with the previous legislation. The court relied on *Strader v. United Family Life Insurance Co.*, 218 Tenn. 411, 403 S.W.2d 765 (1966), for the rule that a special provision in one statute controls a general provision in another statute. We concur with the reasoning of the Court of Appeals, but overrule its judgment in dismissing the case.

The defendant, Dyer County, and the Amicus Curiae, Dyer County Bar Association, insist that T.C.A. § 16–2–506(29)(A) vests jurisdiction in the chancery court in a suit for unliquidated damages. All of the parties before this Court rely on, or refer to, the case of *Wadley v. John Doe*, an unpublished case, which originated in the Chancery Court for Lake County. That court ruled that the Chancery Court for Lake County had concurrent jurisdiction to try a case for unliquidated damages, pursuant to T.C.A. § 16–2–506(29)(A). The case was taken to the Court of Appeals, by stipulation of the parties, for an accelerated hearing in accordance with Court of Appeals Rule 13. In a simple order on the accelerated appeal the appellate court affirmed the trial court order. We hold that the *Wadley* case is not authority for anything and it is hereby overruled.

We apply the specific provisions regarding jurisdiction and powers fixed by the legislature for the circuit and chancery courts as they are relevant to this issue.

Title 16, Chapter 2, Part 5, was enacted by Public Acts 1984, Chapter 931. T.C.A. § 16–2–501 provides as follows:

Legislative Purpose—Existing Courts.—(a) The general assembly expressly declares that its purpose in enacting this part is to reorganize the existing trial court system of this State in such a way that its growth occurs in a logical and orderly manner. It does not have as its purpose the abolition of any court or judicial office.

(b) Nothing in this part shall be construed as altering, diminishing or abolishing chancery court or the constitutional and historical distinctions between chancery court and circuit court.

The pertinent part of T.C.A. § 16–2–506(29)(A) reads as follows:

Upon April 15, 1986, part II of the circuit court of the twenty-ninth judicial district shall become part I of the chancery court of such district and the current judge of Part II of such circuit court shall become chancellor of Part I of the chancery court of such district. On such date, such chancellor shall possess the same jurisdiction, powers and duties and shall receive the same compensation, benefits, emoluments and dignity of office as is required or provided by law for chancellors. This chancellor shall have concurrent jurisdiction with the circuit court of this district.

T.C.A. § 16–11–102, first enacted by the Public Acts of 1877, Chapter 97, provides the following procedures for chancery court jurisdiction of civil cases and transfer to the circuit court:

(a) The chancery court has concurrent jurisdiction, with the circuit court, of all civil causes of action, triable in the circuit court, *except for unliquidated damages for injuries to person or character*, and *except for unliquidated damages for injuries to property not resulting from a breach of oral or written contract;* and no demurrer for want of jurisdiction of the cause of action shall be sustained in the chancery court, *except in the cases excepted.* (Emphasis supplied)

**53**

(b) Any suit in the nature of the cases excepted above brought in the chancery court, *where objection has not been taken by a plea to the jurisdiction,* may be transferred to the circuit court of the county, or heard and determined by the chancery court upon the principles of a court of law. (Emphasis supplied.)

█ Implicit in the provisions of T.C.A. § 16–11–102 is the positive inference that, where a jurisdictional objection has been made, such a transfer is mandated. *See Muse v. Sluder,* 600 S.W.2d 237 (Tenn.App. 1980). It is equally positive that the legislature did not intend, by the enactment of T.C.A. § 16–2–501, et seq., to give the chancery court of Dyer County unbridled discretion to hear cases involving unliquidated damages, so as to confer upon it an authority beyond that of every other chancery court in the State.

We are of the opinion that the Government Tort Liability statutes state a further limitation on chancery court jurisdiction under T.C.A. § 29–20–201(b), to the effect that when immunity is removed by the chapter any claim for damages must be brought in strict compliance with its terms. T.C.A. § 29–20–307 places exclusive, original jurisdiction in circuit court over any action brought under its terms, and that court shall hear and decide such suits without the intervention of a jury.

The judgments of the Court of Appeals and the trial court are reversed insofar as they conflict with the provisions of the judgment of this Court. We direct the trial court to transfer this case to the circuit court of the county for disposition. The case is remanded to the trial court for all necessary proceedings. The costs on this appeal are adjudged against the defendant, Dyer County.

REID, C.J., and DROWOTA, DAUGHTREY and ANDERSON, JJ., concur.