IN THE SUPREME COURT OF TENNESSEE

AT JACKSON



FILED

**April 20, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

**FOR PUBLICATION**

**Filed:     April 20, 1998**

| | | |
|---|---|---|
| HOWARD A. WOODS, | ) | SHELBY CIRCUIT |
| Appellant, | ) | |
| | ) | |
| Vs. | ) | HON.  NEAL SMALL, |
| | ) | CHANCELLOR |
| MTC MANAGEMENT AND | ) | |
| SOLOMON MANAGEMENT, | ) | |
| | ) | No.  02S01-9706-CH-00061 |
| Appellees. | ) | |

**For Appellant:**

Howard A. Woods, *Pro Se*
3389 Carrington Avenue
Memphis, Tennessee  38111

**For Appellees:**

J. Whitten Gurkin
Memphis, Tennessee

# O  P  I  N  I  O  N

COURT OF APPEALS REVERSED;
REMANDED TO TRIAL COURT

ANDERSON, C.J.

We granted this appeal to determine whether the tenant's suit against the landlords under the Uniform Residential Landlord Tenant Act (URLTA) was properly dismissed by the chancery court for lack of subject matter jurisdiction. The chancery court ruled that a suit under the Act must be filed in circuit court. It denied the tenant's motion to transfer the case to circuit court, and dismissed the suit. The Court of Appeals affirmed.

After review of the record and applicable authority, we conclude that the lower courts correctly determined that the chancery court lacked subject matter jurisdiction, but that they erred in refusing to transfer the suit to the circuit court with jurisdiction. We therefore reverse the judgment of the Court of Appeals and remand the case to the chancery court with instructions to transfer the case to circuit court.[1]

## BACKGROUND

In July of 1990, the tenant, Howard A. Woods, entered into a lease with the landlord, Solomon Management. The lease was later transferred by Solomon to MTC Management, which assumed responsibility for the management of the tenant's apartment complex. In January of 1994, the tenant, Woods, was evicted from his apartment for allegedly failing to comply with the lease agreement.

Woods later filed a complaint against the landlords, Solomon Management and MTC Management, in Shelby County Chancery Court, alleging numerous violations of the Uniform Residential Landlord Tenant Act (URLTA).[2] The complaint

---

[1] After the oral argument of this case, the parties filed an agreed order of dismissal indicating that a settlement had been reached. Before the order of dismissal was entered, however, the appellant filed a motion asking for additional time to object to the settlement and making numerous allegations of fraud and duress. Counsel for the appellee filed a response denying the appellant's allegations, maintaining that the case had been settled, and requesting that the appeal be dismissed. Given these conflicting factual assertions, which as an appellate court we are unable to resolve, we conclude that the appeal should not be dismissed pursuant to Tenn. R. App. P. 15(c). The appellant is free to raise his assertions as to the existence and/or validity of a settlement agreement before the trial court.

[2] See Tenn. Code Ann. § 66-28-501, et seq.

alleged, among other grounds, that the landlords failed to supply essential services under the lease, and requested compensatory damages. The landlords filed a motion to dismiss the suit for lack of subject matter jurisdiction, arguing that an action under the URLTA must be filed in circuit court or general sessions court.

The chancery court dismissed the complaint for lack of subject matter jurisdiction and in the process denied Woods' motion to transfer the case to circuit court. The Court of Appeals affirmed. We granted this appeal and now reverse.

## ANALYSIS

The tenant, Woods, citing constitutional provisions, contends that the chancery court erred in dismissing his complaint. The landlords argue that the suit was properly dismissed pursuant to Tenn. Code Ann. § 66-28-105(a), which states in part that "[t]he general sessions and circuit courts of this state shall exercise original jurisdiction over any landlord or tenant with respect to any conduct in this state governed by this chapter." We agree that Tenn. Code Ann. § 66-28-105(a) expressly addresses and resolves the issue of subject matter jurisdiction, but we disagree that it controls the issue of dismissal or transfer of the lawsuit.

We addressed this issue under similar procedural facts in Flowers v. Dyer County, 830 S.W.2d 51 (Tenn. 1992). The plaintiff filed a complaint for damages in the Dyer County Chancery Court under the Government Tort Liability Act (GTLA). The defendant, Dyer County, moved to dismiss the case pursuant to Tenn. Code Ann. § 29-20-307, which states that, in part, "[t]he circuit courts shall have exclusive original jurisdiction over any action brought under this chapter. . . ."

The chancellor denied the motion to dismiss, ruling that it had concurrent jurisdiction to adjudicate the claim pursuant to Tenn. Code Ann. § 16-2-506(29)(A), which, in creating the chancery court for that judicial district, granted it concurrent

jurisdiction with the circuit court. The Court of Appeals reversed, holding that the specific provisions of the GTLA requiring suits be filed in circuit court controlled over the statutory provision relied upon by the chancellor. The Court of Appeals therefore concluded that the case should have been dismissed for want of subject matter jurisdiction. Id. at 51-52.

We began our review in Flowers by agreeing with the Court of Appeals that the circuit court, not the chancery court, had jurisdiction of the subject matter of the lawsuit under the GTLA. With regard to whether the case had to be dismissed, however, we looked to the following statutory provisions:

> (a) The chancery court has concurrent jurisdiction, with the circuit court, of all civil causes of action, triable in the circuit court, except for unliquidated damages for injuries to person or character, and except for unliquidated damages for injuries to property not resulting from a breach of oral or written contract; and no demurrer for want of jurisdiction of the cause of action shall be sustained in the chancery court, except in the cases excepted.
>
> (b) Any suit in the nature of the cases excepted above brought in the chancery court, where objection has not been taken by a plea to the jurisdiction, may be transferred to the circuit court of the county, or heard and determined by the chancery court upon the principles of a court of law.

Tenn. Code Ann. § 16-11-102 (emphasis added). Given that the statute permits certain cases to be transferred to the circuit court where an objection has not been made to jurisdiction, we concluded that "implicit in the provisions of T.C.A. § 16-11-102 is the positive inference that, where a jurisdictional objection has been made, such a transfer is mandated." Id. at 53. Accordingly, we held that the lower courts erred in dismissing the suit and we remanded the case to the trial court with orders to transfer it to the appropriate court. Id.

More recently we cited Flowers with approval in Norton v. Everhart, 895 S.W.2d 317 (Tenn. 1995). There we said that "the general rule governing transfer is that a court lacking subject matter jurisdiction over a case has no authority to

transfer it, unless that authority is specifically conferred by statute, rule, or constitutional provision." Id. at 319 (citing, C.J.S. Courts, § 195 (1990); Wright and Miller, Federal Practice and Procedure, § 3827 (1973)); see also Coleman v. Coleman, 190 Tenn. 286, 229 S.W.2d 341 (1950)(following general rule). In discussing Flowers and the application of the general rule, we said that the plaintiff's action under the GTLA should have been transferred from chancery to circuit court because "the general statute governing the jurisdiction of circuit and chancery courts, Tenn. Code Ann. § 16-11-102, mandated the transfer." Norton v. Everhart, 895 S.W.2d at 320.

We think our decision in Flowers, supra, although not cited by either party to this appeal, controls the present case. Like the plaintiff in Flowers, Woods filed an action in chancery court when the governing statutory law required it to be filed in circuit court or general sessions court. As in Flowers, the jurisdictional provisions in Tenn. Code Ann. § 16-11-102 required the chancery court to transfer the lawsuit under the URLTA to circuit court for further proceedings. Accordingly, the Court of Appeals was correct in deciding that there was no subject matter jurisdiction in the chancery court, but incorrect in failing to require a transfer to the court with jurisdiction, the circuit court.

## CONCLUSION

In light of the foregoing discussion, we conclude that the statutory provisions of Tenn. Code Ann. §16-11-102 required transfer and not dismissal of Woods' claim under the URLTA. We therefore reverse the judgment of the Court of Appeals and remand the case to the chancery court for transfer of the case to the appropriate circuit court. Costs of this appeal are taxed equally against the appellees, for which execution shall issue if necessary.

_____
RILEY ANDERSON, CHIEF JUSTICE

**CONCUR:**
Drowota and Holder, JJ.
Reid, Sp.J.

Birch, J., Not Participating