# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

BILLY LATTIMER                          )
                                        )
    Petitioner/Appellant,           )        Appeal No.  **FILED**
                                        )        01A01-9804-CH-00200
vs.                                     )
                                        )        **September 29, 1999**
                                        )        Davidson Chancery
TENNESSEE DEPARTMENT                    )        No. 98-489-II   **Cecil Crowson, Jr.**
OF CORRECTION, ET AL.,                  )                        **Appellate Court Clerk**
                                        )
    Defendants/Appellees.           )
                                        )

## APPEAL FROM THE CHANCERY COURT
## FOR DAVIDSON COUNTY

### THE HONORABLE CHANCELLOR McCOY PRESIDING

BILLY LATTIMER, #91238
Turney Center Industrial Prison
Route 1,
Only, Tennessee 37140-9709

ACTING PRO SE FOR PETITIONER/APPELLANT

JOHN KNOX WALKUP
Attorney General and Reporter

MICHAEL E. MOORE
Solicitor General

ELENA J. XOINIS
Assistant Attorney General
Civil Rights and Claims Division
425 5th Avenue North
Nashville, Tennessee 37243-0488

ATTORNEYS FOR RESPONDENTS/APPELLEES

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED**

                          PATRICIA J. COTTRELL, JUDGE

CONCUR:

CANTRELL, P.J., M.S.
KOCH, J.

# OPINION

This is an appeal from the dismissal of a Petition for Declaratory Judgment by the Chancery Court of Davidson County. The petitioner, Billy Lattimer ("Petitioner"), is serving a sentence in the custody of the Tennessee Department of Correction. He argues that the trial court improperly dismissed his lawsuit for lack of jurisdiction. We agree.

During his incarceration at Northeast Correctional Center, Petitioner accrued a large collection of photographs (over 1,000 photos), which he kept in two bound volumes. He alleged that many of the photos were Polaroid pictures of his family taken during their visits to him as part of a prison photo project and others were purchased from a vendor affiliated with the Department. In any event, Petitioner acquired or possessed the photographs with the knowledge and permission of the Department.

In 1995 or 1996, the Department's policy regarding photographs changed, and inmates were no longer permitted to acquire Polaroids. Petitioner alleges that the policy provided that those pictures already in the possession of an inmate would not be confiscated so long as the inmate was not the subject of certain disciplinary actions or was not permanently transferred to another institution. The policy permitted inmates who were transferred to mail their collections elsewhere, but if this was not accomplished within thirty days, the collections were to be destroyed.

In February of 1997, Petitioner was temporarily transferred from Northeast Correctional Center for a court date. Upon his return, Petitioner discovered that his photos were confiscated. He filed a grievance with the Department. The Petitioner alleges that while this grievance was still pending, he learned that his

photos had been destroyed.

Mr Lattimer filed the above mentioned *pro se* petition in the Chancery Court of Davidson County. He styled it a "Uniform Administrative Procedures Act Petition Pursuant to Tenn. Code. Ann. § 4-5-101, *et seq.* for Declaratory Judgment." Petitioner sought, in addition to the declaratory judgment, $3,660 in actual damages, and $15,000 in punitive damages, as well as a mandatory injunction that all seizures of prisoner Polaroid photographs cease.

The defendants did not respond to the petition and filed no pleadings in the chancery court before the trial court issued a *sua sponte* order dismissing the claim. Finding that this was an action primarily for damages to property, the trial court concluded that it lacked jurisdiction to hear Mr. Lattimer's lawsuit because it involved unliquidated damages.

## I.

The petition filed herein seeks relief, *inter alia*, under the Uniform Administrative Procedures Act, specifically a declaratory judgment pursuant to Tenn. Code Ann. § 4-5-101, *et seq.* The defendants argue that the petition should be dismissed for failure to state a claim under that statute.

Tenn. Code Ann. § 4-5-224 allows a party to seek a declaratory judgment to challenge the "legal validity or applicability of a statute, rule or order of an agency to specified circumstances." Tenn. Code Ann. § 4-5-224(a) (Supp. 1998). A prerequisite to such an action, however, is that the party first seek a declaratory order from the agency. *Id*.; Tenn. Code Ann. § 4-5-224(b).

In the petition filed herein, there is no allegation that petitioner first sought a declaratory order from the Department. The record includes no such request. Therefore, the chancery court lacked jurisdiction to hear Petitioner's declaratory

3

judgment action brought under the U.A.P.A. *See Watson v. Tennessee Dep't of Correction*, 970 S.W.2d 494, 497 (Tenn. App. 1998); *Pearson v. Garrett Fin. Serv., Inc.,* 849 S.W.2d 776, 780 (Tenn. App. 1992) (where a court has reached the correct result, it will not be reversed even if the result was predicated on an erroneous reason).  Thus, to the extent the dismissal of the case was also a dismissal of the Tenn. Code Ann. § 4-5-224 claim, we affirm.[1]

II.

The Chancery Court premised the dismissal of this case on Tenn. Code Ann. § 16-11-102 (1980).  That statute states:

> (a) The chancery court has concurrent jurisdiction, with the circuit court, of all civil causes of action, triable in the circuit court, except for unliquidated damages for injuries to person or character, and except for unliquidated damages for injuries to property not resulting from a breach of oral or written contract; and no demurrer for want of jurisdiction of the cause of action shall be sustained in the chancery court, except in the cases excepted.

> (b) Any suit in the nature of the cases excepted above brought in the chancery court, where objection has not been taken by a plea to the jurisdiction, may be transferred to the circuit court of the county, or heard and determined by the chancery court upon the principles of a court of law.

Tenn. Code Ann. § 16-11-102.

The Chancery Court herein determined that Petitioner's lawsuit was "primarily an action for damages for loss of property",[2] and that such damages were unliquidated and did not arise from a breach of contract. The court then

---

[1] Although defendants did not raise this issue below, we are not precluded from considering it on appeal. Because it is an issue of jurisdiction, it may be raised at any time. "Subject matter jurisdiction may never be waived and the lack thereof may be challenged at any stage of the proceedings." *Wunderlich v. Fortas*, 776 S.W.2d 953 (Tenn. App. 1989).

[2] We note that Petitioner seeks injunctive and declaratory relief, in addition to monetary damages, for alleged deprivation of his constitutional rights. Regardless of the caption of Petitioner's pleading, its substance must be examined. *See Norton v. Everhart*, 895 S.W.2d 317, 319 (Tenn. 1995); *see also Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

determined that it had no jurisdiction over such cases, relying on Tenn. Code Ann. § 16-11-102. However, the court's holding fails to recognize the effect of subsection (b) of the statute. That subsection clearly provides that in the absence of an objection, chancery court has jurisdiction over such cases. Where, as here, no objection to jurisdiction is interposed, the chancery court may either hear the case or transfer it to circuit court.

The Supreme Court of Tennessee has interpreted Tenn. Code Ann. § 16-11-102 to require transfer, rather than dismissal, even in situations where the chancery court has no subject matter jurisdiction. In *Flowers v. Dyer County*, 830 S.W.2d 51 (Tenn. 1992), the Court held that Tenn. Code Ann. § 16-11-102(b) mandated transfer from the chancery court to the circuit court, rather than dismissal, of a case brought under the Governmental Tort Liability Act, which provided that circuit courts have exclusive jurisdiction over any action brought pursuant to the Act.

The Court recently addressed a similar situation in *Woods v. MTC Management*, 967 S.W.2d 800 (Tenn. 1998). Woods filed his complaint, which alleged numerous violations of the Uniform Residential Landlord Tenant Act ("URLTA"), Tenn. Code Ann. § 66-26-501, *et seq.,* in chancery court. URLTA specifies that general sessions courts and circuit courts have original jurisdiction over cases brought under it. Tenn. Code Ann. § 66-28-105(a) (1993). The chancery court dismissed the suit and denied Woods' motion to transfer the case to circuit court. Relying on Tenn. Code Ann. §16-11-102 (b), the Court affirmed the chancery court's finding that it lacked subject matter jurisdiction, but determined that the denial of the motion to transfer was reversible error. In so doing, the Court made clear that "§ 16-11-102 required the chancery court to

5

transfer the lawsuit . . . to circuit court for further proceedings." *Woods*, 967 S.W.2d at 802. Thus, even if the defendants herein had objected to the court's jurisdiction, dismissal of Mr. Lattimer's claim would have been improper. *See Pauley v. Madison County*, No. 02A01-9607-CH-00161, 1997 WL 110019 at *2-3 (Tenn. App. 1997) (no Tenn. R. App. P.11 application filed).

Unlike the cases cited above, no objection to jurisdiction was filed in this case. This leaves the chancery court with one more option than the courts in those cases. The case "may be transferred to the circuit court of the county, or heard and determined by the chancery court upon the principles of a court of law." Tenn. Code Ann § 16-11-102.

IV.

On appeal, Petitioner suggests that the chancery court has proper jurisdiction because his claim is based on an implied contract with the state. In view of our holding, this argument is now moot.

V.

Accordingly, the dismissal by the trial court on the basis of lack of jurisdiction is affirmed as to the claim brought under the Uniform Administrative Procedures Act, but is reversed as to any other claims, and this case is remanded for further proceedings. Costs of this appeal are taxed to Appellees.

_____
PATRICIA J. COTTRELL, JUDGE

CONCUR:


_____
BEN H. CANTRELL, P. J., M.S.


_____
WILLIAM C. KOCH, JR., JUDGE

6