# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE

| | | |
|---|---|---|
| CHERYL GREEN, individually, | ) | NO. 03A1-9903-CV-00084 |
| and on behalf of SEAN ENIX, | ) | |
| | ) | |
| Plaintiffs/Appellants, | ) | Appeal As Of Right From |
| v. | ) | HAMBLEN COUNTY CIRCUIT COURT |
| | ) | |
| HAMBLEN COUNTY BOARD OF | ) | |
| EDUCATION and LESLIE BROOKS, | ) | |
| Defendants/Appellees. | ) | HON. JOHN K. WILSON |

**For the Appellant:**
Michael C. Murphy
Morristown

**For the Appellee:**
Janet L. Hogan
Knoxville

AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED                                                 Swiney, J.

## OPINION

This is an appeal from the Trial Court's grant of Defendants'/Appellees' motion to

dismiss a negligence suit arising from an injury to a student in a public school gym class, where suit was originally filed in Hamblen County General Sessions Court and "transferred" by the General Sessions Judge to Hamblen County Circuit Court under the exclusive jurisdiction provision of the Tennessee Governmental Tort Liability Act, Tenn. Code Ann.§ 29-20-101 *et seq*. Upon motion of Defendants, the Circuit Court found the claims of Plaintiff Cheryl Green barred by operation of the one year statute of limitations, and the Defendants immune to tort negligence claims of minor Plaintiff Sean Enix under Tenn Code Ann. § 29-20-205 as discretionary functions. For the reasons stated herein, the Order of the Trial Court is affirmed dismissing Plaintiff Green's claims, reversed as to Plaintiff Sean Enix's claims, and remanded to the Trial Court for further proceedings consistent with this Opinion on the claims of Sean Enix.

## BACKGROUND

An 11-year old student, Sean Enix, was injured during gym class at a Hamblen County elementary school on May 14, 1997. A negligence action naming Hamblen County Board of Education/Hamblen County Department of Education and Leslie Brooks, the gym teacher, as defendants was filed in Hamblen County General Sessions Court May 13, 1998. Plaintiffs, Enix and his mother, Cheryl Green, sought in the Sessions Court "as a result on May 14, 1997, damages (and medical bills) as a result of broken elbow of Sean Enix due to negligence of Hamblen County Board of Education/Hamblen Co. Dept. Of Education, and employee Leslie Brooks, such as having Sean compete inside a closed gym with no wall protection padding by spinning until he got dizzy and then running, at which time he hit the wall, breaking his elbow: and for loss of companionship of the mother of her son."

The parties filed with the Sessions Court on July 1, 1998 a Stipulation of admissibility of medical bills related to the injury as reasonable and necessary. Following an *in camera* hearing on July 6, 1998, an "Order of Transfer" was issued by the Sessions Court Judge on July 17, 1998, stating that the matter "shall be transferred from General Sessions Court for lack of subject matter jurisdiction, to Circuit Court of Hamblen County. The Defendants have agreed to the transfer on the condition that any

defenses related to General Sessions subject matter jurisdiction to transfer and/or the statute of limitations defenses are specifically preserved . . ..”

Defendants filed a Jury Demand in the Hamblen County Circuit Court referencing the Order of Transfer on July 27, 1998.[0]  Plaintiffs filed an Amended Complaint in Circuit Court July 28, 1998, naming the same parties as in the General Sessions warrant, and more fully stating their claims relating to the conduct and occurrence on the same date as set forth in the General Sessions Court warrant.

Defendants filed an Answer to Amended Complaint on August 29, 1998, admitting that Defendant Leslie Brooks was a teacher at a Hamblen County Board of Education school on the date in question, that Plaintiff Sean Enix did break his arm during gym class, denying all allegations of negligence, and specifically denying any breach of duty of care to Plaintiff Enix.  Defendants asserted comparative negligence, discretionary function immunity under the Tennessee Governmental Tort Liability Act (GTLA), and averred insufficient knowledge concerning the injuries of Plaintiff Enix and damages alleged by Plaintiff Green.  Defendants also requested that the punitive damages demand be stricken from the Amended Complaint, and reasserted their Jury Demand.

Defendants filed a Motion to Dismiss pursuant to Rule 12 of the Tennessee Rules of Civil Procedure and supporting Memorandum of Law on September 9, 1998.  The Motion asserted that the filing in Sessions Court was ineffective to preserve the claims of Plaintiff Green under the one-year statute of limitations because the Sessions Court lacked subject matter jurisdiction under the GTLA under Tenn. Code Ann. § 29-20-307.

The Trial Court filed its Order on February 24, 1999, referencing a hearing on February 2, 1999, and stating two grounds for dismissal: (1) the statute of limitations barred claims of Plaintiff Green, and (2) that discretionary function immunity under the GTLA served to bar all claims relating to the incident at issue.  The Order recites the finding that the claims of Plaintiff Green are barred by the statute of limitations because no case was filed in Circuit Court prior to the running of the one-year period as set forth in the GTLA, and one sentence dismissing the action because “. . . the Court is of the

opinion that the Governmental Tort Liability Act immunizes the defendants with respect to all allegations raised by the pleadings against these Defendants." The Order then states that "the alleged conduct falls within the discretionary function and other immunity provisions" of the GTLA.

On motion of Defendants and determination of the Trial Court, pretrial discovery taken prior to the entry of the dismissal Order is included in the Trial Record filed with this Court. Notice of this appeal was filed with the Clerk of the Trial Court March 3, 1999, with attestation of proper service and appeal bond for costs.

## DISCUSSION

Under Tenn. R. Civ. P. Rule 12.02, Defendants' motion to dismiss was converted into a motion for summary judgment when the Trial Court considered matters outside the pleadings, the discovery deposition of Plaintiff Enix. The standard of review for a summary judgment under Tenn. R. Civ. P. Rule 56 is **de novo**, with no presumption of correctness as to the trial court's legal conclusions. Summary judgment is appropriate when, considering the evidence in the light most favorable to the non-moving party, there are no issues of material fact and the moving party is entitled to judgment as a matter of law. *Gardner v. Insura Property & Cas. Ins. Co.*, 956 S.W.2d 1, 2 (Tenn. App. 1997). There are no disputed issues concerning the material facts relied upon by the Trial Court in issuing the Order on appeal.

Although not precisely as stated by the parties, the two issues on appeal are (1) whether filing suit in General Sessions Court preserved the cause of action in Circuit Court past the date the statute of limitations ran, and (2) whether the Trial Court erred in dismissing the claims by holding that the alleged conduct of the Defendants falls under the discretionary function immunity of the GTLA.

Addressing the statute of limitations issue, Plaintiffs cite without any discussion Tenn. Code Ann. § 16-15-729, which states:

> No civil case, originating in a general sessions court and carried to a higher court, shall be dismissed by such court for any informality whatever, but shall be tried on its merits; and the court shall allow all amendments in the form of action, the parties thereto, or the statement of the cause of action, necessary to reach the merits, upon such terms as

may be deemed just and proper. The trial shall be de novo, including damages.

Defendants assert that the exclusive jurisdiction of an action under the GTLA lies in Circuit Court,[0] and therefore the Hamblen County General Sessions Court had no subject matter jurisdiction and no authority to hear any matter or enter any order relating to the warrant filed by Plaintiffs. Defendants assert that the Order of Sessions Court transferring the matter to Circuit Court is a nullity, the Amended Complaint filed in Circuit Court is the first filing in the matter, and Plaintiff Green's claims are barred by the statute of limitations as the Amended Complaint was filed 15 months after the date of the injury.[0]

Defendants cite as supporting the assertion that "any orders or ruling of a court which acts without subject matter jurisdiction are null and void," *Brown v. Brown*, 281 S.W.2d 492 (Tenn. 1955), and a federal court case, *Hooks v. Hooks*, 771 F.2d 935 (6th Cir. 1985). *Brown* is distinguished as addressing the power of Chancery Court to enjoin enforcement of one portion of a final judgment of a Circuit Court. *Brown* involved neither a Sessions Court order, nor a statute of limitations issue.

The relevant issue in *Brown* was that the Circuit Court had general jurisdiction of the subject matter, but exceeded statutory authority in awarding alimony to the wife. This case does not appear to have any value in assessing the statute of limitations issue on appeal, because unlike the facts in *Brown*, no order reaching the merits of the case was entered by General Sessions Court in this action. Likewise, *Hooks* is not instructive as to the issue on appeal as it deals with, among other things, criminal charges, an action for debt, Parental Kidnapping Prevention Act and Uniform Child Custody Jurisdiction Act applicability to an action involving state court action in Texas, and various federal claims filed in district court in Tennessee. There appears to be no mention of General Sessions Court or statute of limitations issues in *Hooks*.

Plaintiffs' assertion of Tenn. Code Ann. § 16-15-729 is not appropriate, as transfer for lack of subject matter jurisdiction is not an "informality." The rule regarding transfer for lack of subject

matter jurisdiction is well established in Tennessee. Appropriate guidance in resolving the transfer issue is found in a line of cases cited by neither party on appeal, but essential to our analysis. "The general rule governing transfer is that a court lacking subject matter jurisdiction over a case has no authority to transfer it, unless that authority is specifically conferred by statute, rule, or constitutional provision." *Norton v. Everhart*, 895 S.W.2d 317, 319 (Tenn. 1995). The Supreme Court cites as authority for the rule, and then discusses extensively, *Coleman v. Coleman*, 229 S.W.2d 341 (Tenn. 1950). Additionally, the Court discusses the case of *Flowers v. Dyer County*, 830 S.W.2d 51 (Tenn. 1992), where the transfer rule is discussed and applied in the context of an action under the GTLA.

In *Flowers*, the plaintiff filed suit under GTLA in chancery court. The trial court denied defendant's motion to dismiss for lack of subject matter jurisdiction. This Court reversed the trial court and dismissed the action, and the Supreme Court overruled the dismissal. In mandating transfer from the chancery court to circuit court, the Supreme Court discussed the exclusive jurisdiction provision of Tenn. Code Ann. § 29-20-307, but applied the provisions of Tenn. Code Ann. § 16-11-102, which sets forth authority specifically conferred by statute for transfer from chancery court to circuit court of cases for want of subject matter jurisdiction, noting that such transfer is mandatory when objection to chancery jurisdiction is made. *Flowers*, 830 S.W. 2d at 52-53.

The present procedural posture, however, differs significantly from the situation in *Flowers*. There is no authority specifically conferred by statute, as required under the rule explicitly adopted in *Coleman* and recently restated in *Norton v. Everhart*, for transfer from the General Sessions Court to Circuit Court as there was for the transfer granted plaintiff Flowers.[0] *Coleman* clearly establishes that a court lacking subject matter jurisdiction may not transfer a case in the absence of statutory authority. *Norton*, 895 S.W.2d at 320. Even though the Court in *Norton* did ". . . invite the legislature to enact a broad transfer statute. . .", *Id*., no such statutory authority is cited by Plaintiffs, and none is apparent to this Court. The Order of the Trial Court is affirmed to the extent that the claims of Plaintiff Green are dismissed for failure to timely file this cause of action in a court with subject matter jurisdiction.

This does not, however, dispose of all issues on appeal. Minor Plaintiff Enix has the right to file suit for personal injury for one year past his eighteenth birthday. *Doe v. Coffee County Bd. of Educ.*, 852 S.W.2d 899, 904 (Tenn. App. 1992)(applying Tenn. Code Ann. § 28-1-106[0] to a cause of action under the GTLA). Plaintiffs assert error in the Order of the Trial Court to the extent that the Trial Court declared the actions that underlie of the cause of action below to be immune under the GTLA discretionary function exception.

Plaintiffs argue that the actions of Defendant teacher Brooks are operational and not immune from suit as discretionary functions under the GTLA. The specific averments in the present cause of action are negligence in holding activities inside the gym that were usually done outside, and not having available wall padding in place during the activities in the gym. As to the issue regarding dismissal under GTLA discretionary function immunity, Defendants cite the specific allegations of negligence in the Plaintiffs' Warrant and Amended Complaint. Holding the field day practice inside the gym, failing to pad the gym wall, failure of Defendant Board of Education to provide safe premises for the activities, and failure to properly train Defendant Brooks are asserted to fall under discretionary function immunity.

Defendants deny both negligence and proximate cause relating to the acts at issue, quoting a selection from the GTLA that a trial court judge must, as a prerequisite to finding liability under the Act, determine that the acts at issue were negligent and the proximate cause of the injury, that the employee acted within the scope of employment, and that none of the exceptions to removal of immunity apply, specifically citing discretionary function immunity as to the alleged acts of Defendant Brooks.[0]

Both parties cite the key case in evaluating discretionary function immunity, *Bowers v. City of Chattanooga*, 826 S.W.2d 427 (Tenn. 1992). The facts of *Bowers* involved injuries to a minor incurred when a school bus route was altered by the school board, resulting in a change in time for the bus to arrive at stops. The minor exited the bus at a different time and place than usual, and the minor's mother was not present to meet her child as was her usual practice. In attempting to cross an unfamiliar street, the minor was struck by a passing vehicle and injured. Additionally, the bus driver had skipped stops on the route and did not use the flashing lights on the bus to stop traffic as the minor crossed the

street.

In *Bowers* the Supreme Court abandoned the longstanding "discretionary/ministerial test," and adopted the "planning/operational" test for determining immunity under the GTLA. "Under the planning-operational test, decisions that rise to the level of planning or policy-making are considered discretionary acts which do not give rise to tort liability, while decisions that are merely operational are not considered discretionary acts and, therefore, do not give rise to immunity." *Bowers*, 826 S.W.2d at 430. The Court stressed that such immunity applies to all conduct involving the balancing of policy considerations, and can sometimes apply to operational actors when such actor is properly charged with balancing policy considerations.

Application of GTLA discretionary function immunity is determined by whether "a particular course of conduct is determined after consideration or debate by an individual or group charged with the formulation of plans or policies" which would be immune, or "a decision resulting from a determination based on preexisting laws, regulations, policies, or standards" which would be operational and not immune. Another factor listed is whether the act is the type properly reviewable by the courts, and not an investigation into an executive or legislative decision process. *Bowers*, 826 S.W.2d at 431.

The trial court in Bowers examined the driver's manual given Chattanooga Public School bus drivers and the Board of Education policy statement regarding transportation services to determine whether particular aspects of the suit were immune under the GTLA discretionary function exception to liability. While the decisions of the school board as to changing the bus route and time were found to be immune from tort suit as discretionary functions, the actions of the individual bus driver in deciding exactly where to stop the bus and not using the flashing signals to stop traffic were operational and not immune from suit under the GTLA, thus open to examination for negligent conduct. *Bowers*, 826 S.W.2d at 432.

There is no evidence in the Trial Record before us that the Circuit Court made any findings of fact as to the planning/policy making aspects and the operational aspects of this case. Additionally, although not cited by the parties, there is a statute implying that there are operational aspects to the performance of a school teacher's duties under similar circumstances. "It is the duty of the

teacher to . . . [g]ive instruction in physical education as provided by law and official regulations." Tenn. Code Ann. § 49-5-201(a)(6), Duties of Teachers. There is no evidence in the Trial Record that the Trial Court made any findings of fact that would allow determination of the nature of the acts alleged in this cause of action under the *Bowers* test. In order to determine which alleged acts, if any, would be immune under the planning/operational test, and whether any acts not so immune rise to the level of negligent conduct, the Trial Court must make findings of fact as to the existence of, and proper performance under, relevant laws, policies, and procedures for the activities at issue. The Trial Court did not have before it, and neither do we, sufficient factual evidence to allow it to decide where the alleged acts fit under the planning/operational test.

## CONCLUSION

The judgment of the Trial Court dismissing the claims of Plaintiff Cheryl Green is affirmed. The judgment of the Trial Court dismissing the claims of Plaintiff Sean Enix is reversed, and the cause of action as to the claims of Plaintiff Sean Enix is remanded to the Trial Court for further proceedings consistent with this Opinion. Costs of this appeal are taxed to Appellees.

_____
D. MICHAEL SWINEY, J.

CONCUR:


_____
HOUSTON M. GODDARD, P.J.



_____
CHARLES D. SUSANO, JR., J.