IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, October 25, 2004

## LATASHA MARIE WHITTINGTON-BARRETT v. CHARLES SPRINKLE

**Direct Appeal from the Chancery Court for Johnson County
No. 5422     Hon. G. Richard Johnson, Chancellor**

---

**No. E2004-00007-COA-R3-CV  - FILED NOVEMBER 29, 2004**

---

The Chancery Court transferred this action to Circuit Court and plaintiff has appealed the transfer. We affirm.


**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**


HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.


Latasha Marie Whittington-Barrett, Whiteville, Tennessee, *pro se.*




**OPINION**


Plaintiff, a prison inmate, brought this action in the Chancery Court of Johnson County against a fellow prisoner for allegedly assaulting plaintiff, and sought damages for personal injuries.

The Chancery Court ordered the case dismissed, saying: "This cause of action lies in tort, i.e., personal injury and destruction of personal property. This Court does not have jurisdiction to hear tort cases." Upon Motion by the plaintiff, the Court entered an Order modifying its prior Order stating: "On June 16, 2003, the Court dismissed this case for lack of subject matter jurisdiction. Plaintiff has filed a Motion requesting the Court to transfer the case to Circuit Court. The Motion is granted." (Emphasis supplied).

Plaintiff has appealed, insisting the Chancellor had jurisdiction to try her case, since the defendant had not objected to the Court's jurisdiction, and further argues that *Lattimer v. Tenn. Dept. Of Corrections, et al.,* 2002 WL 598558 (Tenn. Ct. App.) requires a Chancellor, as a matter of law, to retain jurisdiction of the case.[1]

We find this appeal to be without merit for two reasons: the plaintiff requested that her action be transferred to the Circuit Court. *See* Rule 36, Tenn. R. App. P., and it was in the Chancellor's sound discretion to transfer the case. Tenn. Code Ann. § 16-11-102(b) provides:

> Any suit in the nature of the cases accepted above brought in the Chancery Court, where objection not been taken by a plea to the jurisdiction, may be transferred to the Circuit Court of the County or heard and determined by the Chancery Court upon the principles of a law court. (Emphasis supplied).

The statute clearly gives the Trial Court discretion to take the action to transfer the case without a request by the plaintiff. *See also, Woods v. MTC Management*, 967 S.W.2d 800 (Tenn. 1998).

For the foregoing reasons, we affirm the Judgment of the Chancery Court and remand, with the cost of the appeal assessed to Latasha M. Whittington-Barrett.

_____
HERSCHEL PICKENS FRANKS, P.J.

---

[1] In *Lattimer*, the Chancellor had dismissed the case because it was an action for unliquidated damages for injuries to persons and property, and on appeal the Court of Appeals ruled that plaintiff was entitled to have his case heard in Chancery Court.