N. Thomas PURSELL, Jr., Appellant,

v.

FIRST AMERICAN NATIONAL BANK, Charles White, Anita White, and Charles Bagsby, d/b/a Tennessee Auto Recovery, Appellees.

Supreme Court of Tennessee, at Nashville.

Sept. 16, 1996.

Phillip North, A. Gregory Ramos, North, Pursell & Ramos, Nashville, for Appellant.

E. Clifton Knowles, Anthony J. McFarland, Joseph F. Welborn, III, Bass, Berry & Sims, Nashville, for Appellees.

## OPINION

ANDERSON, Justice.

We granted this appeal to determine whether the actions of a bank following repossession of collateral for a loan form the basis for an action under the Tennessee Consumer Protection Act, Tenn.Code Ann. § 47–18–101, *et seq.* The trial court granted the

1. Tenn.Code Ann. § 47–18–103(9) (1995).

defendants' motion to dismiss for failure to state a claim, and the Court of Appeals affirmed, concluding that the bank's actions did not constitute a violation of the Consumer Protection Act because they did not affect the conduct of any "trade or commerce," as those terms are defined in the statute.[1]

After a careful review of the record and the relevant statutes, we conclude that the actions of the bank and its agent did not, in this case, affect the conduct of any "trade or commerce." Accordingly, the Court of Appeals' judgment is affirmed.

### BACKGROUND

In October of 1989, the plaintiff, Thomas Pursell, borrowed money from the defendant, First American National Bank (hereafter "Bank"), to purchase a new 1990 pickup truck, which was collateral for the loan. Two years later, Pursell's loan with the Bank became three months delinquent. After several unsuccessful attempts to contact Pursell, on January 10, 1992, the Bank, through its agent, defendant Tennessee Auto Recovery, (hereafter "Recovery"), repossessed the truck.

The dispute in this case arises from the events that transpired after the truck was repossessed. Pursell contacted the Bank on the day of the repossession to ask the circumstances under which he could retake possession of the truck. Although the original loan agreement required Pursell to pay the Bank the entire unpaid loan balance in order to redeem the collateral following default, the Bank offered Pursell the alternative of paying a portion of the loan balance and repossession costs. Pursell was instructed to call back later for an exact dollar amount.

In the meantime, Pursell went to Recovery's office to obtain his personal property from inside the repossessed truck. Recovery requested that Pursell sign a release of liability which purported to release Recovery from liability with respect to any personal property that was in the automobile at the time it was repossessed. Pursell says he refused to sign the release without first being given the opportunity to inspect his personal property

in order to determine if any items were damaged or missing. Recovery asserts that Pursell was offered the opportunity to inspect his property, but refused to take advantage of that opportunity. In any event, Pursell refused to sign the release and left his personal property there.

On Monday, January 13th, Pursell spoke to the Bank's Rivergate branch manager, who told him that he could cure the default and obtain possession of the truck by paying the sum of $3,487.68. Pursell gave the Bank a personal check for that amount, and was given a receipt in return, which he carried to Recovery to claim the truck. Upon his arrival, however, Recovery employees again refused to relinquish the truck to Pursell until he signed the release form and paid a $20 storage fee. Pursell refused, contending that he had already fully redeemed the vehicle through his payment to the Bank.

Pursell did not return to Recovery after January 13, 1992, to obtain his truck or his personal property. Pursell's personal property was turned over to the Bank's counsel, who attempted to return it to Pursell; but Pursell refused to review the inventory of items, or to sign the receipt, or to take all the property. Later, the Bank voluntarily turned Pursell's personal property over to the trial court, and he received his personal property from the court.

The truck remained at Recovery for five months, during which time Pursell did not make any additional payments on the loan to the Bank. The loan again became delinquent, and on May 13, 1992, the Bank sold the truck at an auction for almost $3,000 more than the amount owed to the Bank on the loan. The Bank retained the proceeds from the sale to cover what it termed "collection expenses."

Pursell brought suit against the Bank and Recovery alleging several causes of action, including a claim under the Tennessee Consumer Protection Act. Prior to trial, the defendants moved to dismiss the Consumer Protection Act allegations for failure to state a claim, and the trial court granted the motion. The case was tried to a jury on Pursell's remaining claims of breach of contract, conversion, loss of property and fraud. The jury awarded Pursell $3,350 in compensatory damages from the Bank, and $500 in compensatory damages from Recovery, but awarded no punitive damages.

On appeal, Pursell claimed that the trial court erred in dismissing his claim under the Tennessee Consumer Protection Act. The Court of Appeals affirmed the judgment of the trial court, holding that the actions of the Bank and Recovery did not affect the conduct of "trade or commerce," as those words are defined by the Tennessee Consumer Protection Act.

Thereafter, we granted the plaintiff's appeal and now, for the reasons articulated below, affirm the Court of Appeals' judgment.

### STANDARD OF REVIEW

A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint. The basis for the motion is that the allegations contained in the complaint, considered alone and taken as true, are insufficient to state a claim as a matter of law. The motion admits the truth of all relevant and material allegations, but asserts that such facts do not constitute a cause of action. In resolving the issues in this appeal, we are required to construe the complaint liberally in the plaintiff's favor and take the allegations of the complaint as true. *Cook v. Spinnaker's of Rivergate*, 878 S.W.2d 934, 938 (Tenn.1994).

### STATUTORY CONSTRUCTION

The issue in this appeal is controlled by the language of the Tennessee Consumer Protection Act and familiar rules of statutory construction. The role of this Court in construing statutes is to ascertain and give effect to legislative intent. *Wilson v. Johnson County*, 879 S.W.2d 807, 809 (Tenn.1994). Legislative intent is to be ascertained whenever possible from the natural and ordinary meaning of the language used, without forced or subtle construction that would limit or extend the meaning of the language. *Carson Creek Vacation Resorts, Inc. v. Dept. of Revenue*, 865 S.W.2d 1, 2 (Tenn.1993). In performing our statutory

analysis, we observe that the Legislature has directed that the provisions of the Consumer Protection Act be liberally construed to protect consumers and legitimate business enterprises from those who engage in "unfair or deceptive acts or practices in the conduct of any trade or commerce." Tenn. Code Ann. § 47–18–102(2); *see also Morris v. Mack's Used Cars,* 824 S.W.2d 538 (Tenn. 1992).

■ In support of his claim that the acts of the Bank and its agent, Recovery, form the basis of a claim under the Consumer Protection Act, Pursell relies upon a part of the Act—Tenn. Code Ann. § 47–18–104 (1995)—which provides, in pertinent part, as follows:

> **Unfair or deceptive acts prohibited.**—(a) Unfair or deceptive acts or practices *affecting* the conduct of any trade or commerce constitute unlawful acts or practices and are Class B misdemeanors.
>
> (b) Without limiting the scope of subsection (a), the following unfair or deceptive acts or practices *affecting* the conduct of any trade or commerce are declared to be unlawful and in violation of this part:
>
> . . . .
>
> (12) Representing that a consumer transaction confers or involves rights, remedies or obligations that it does not have or involve or which are prohibited by law.

(Emphasis added.) Pursell argues that the actions of the Bank and its agent were unfair or deceptive under the above-quoted statutory provision.

The Bank, on the other hand, disagrees that its actions, or its agent's, were unfair or deceptive. Even if they were, it contends that the Consumer Protection Act does not apply because the actions of which Pursell complains did not occur in the course of "trade, commerce or a consumer transaction," as those terms are defined in the Act. In support of its argument, the Bank relies

upon Tenn.Code Ann. § 47–18–103(9) (1995) which provides that

> "Trade," "commerce," or "consumer transaction" means the advertising, offering for sale, lease or rental, or distribution of any goods, services, or property, tangible or intangible, real, personal, or mixed, and other articles, commodities, or things of value wherever situated.

The Bank points out that it is *not* asserting that the Tennessee Consumer Protection Act generally exempts banking activities from its application. Instead, the Bank asserts that its actions at issue in this case do not fall within the statutory definition of trade, commerce or consumer transaction.

In response, Pursell focuses on the statutory term "affecting" and urges the Court that the construction of that term adopted by the United States Supreme Court in two decisions[2] brings his claim within the purview of the Tennessee Consumer Protection Act. In effect, Pursell argues that *every action* of an entity engaged in business affects trade or commerce, and, if unfair or deceptive, gives rise to a cause of action under the Tennessee Consumer Protection Act.

We think Pursell's broad argument is flawed, however, because it does not acknowledge that "affecting" modifies other terms which are specifically defined by the statute. Pursell is correct that the Legislature intended to protect the "consuming public" by its adoption of the Act. Tenn.Code Ann. § 47–18–102(4). The parameters of the Act, however, do not extend to every action of every business in the State. The terms "trade or commerce" are specifically defined to limit the Act's application. The actions of the Bank and its agent, even if considered to be unfair or deceptive, did not affect the "advertising, offering for sale, lease or rental, or distribution of any goods, services, or property, tangible or intangible, real, personal, or mixed, and other articles, commodities, or things of value wherever situated."[3] Pursell's allegation, if taken as true, establishes only that the defendants breached an agree-

---

**2.** *Katzenbach v. McClung,* 379 U.S. 294, 85 S.Ct. 377, 13 L.Ed.2d 290 (1964); *Wickard v. Filburn,* 317 U.S. 111, 63 S.Ct. 82, 87 L.Ed. 122 (1942). These decisions are not relevant to the issue in this case as they were rendered as interpretations

of the United State Constitution's Commerce Clause.

**3.** Tenn.Code Ann. § 47–18–103(9) (1995).

ment to return to him his own property. Such allegations do not form the basis of an action under the Tennessee Consumer Protection Act. *Cf. City of Cars, Inc. v. Simms,* 526 So.2d 119 (Fla.Ct.App.1988) (Litigation relating to repossession and disposition of collateral does not support an award under the Florida Deceptive and Unfair Trade Practices Act).

■ We have stated many times that the most basic rule of statutory construction is to ascertain and give effect to the intention and purpose of the Legislature. Where, as here, the language contained within the four corners of a statute is plain, clear, and unambiguous, there is no room for interpretation or construction, and we must apply the words of the statute. *Carson Creek Resorts, Inc. v. Dept. of Revenue,* 865 S.W.2d 1, 2 (Tenn. 1993). Though the definitions of "trade or commerce" contained within the Tennessee Consumer Protection Act are broad, they do not extend to this dispute, which arose over repossession of the collateral securing the loan. We conclude that the facts of this case fail to state a claim for relief.

This holding is confined to the facts and circumstances of this case, and we do not, by this Opinion, generally exempt banking activities from the Tennessee Consumer Protection Act. *See State Consumer Protection or Deceptive Trade Practices Statutes: Their Application to Extensions of Credit and Other Banking Activities,* 105 Banking L.J. 214 (1988).

### CONCLUSION

Because we have determined that Pursell failed to state a claim under the Tennessee Consumer Protection Act against either First American National Bank or its agent, Tennessee Auto Recovery, the judgment of the Court of Appeals is affirmed. Costs of this appeal are taxed to the plaintiff, N. Thomas Pursell, Jr., for which execution may issue if necessary.

BIRCH, C.J., and DROWOTA, REID and WHITE, JJ., concur.