# IN THE COURT OF APPEALS OF TENNESSEE,
## AT JACKSON

_____

| | | |
|---|---|---|
| **CHARLES EDWARD HAYNES,** | ) | Lauderdale County Circuit Court No. 5010 |
| | ) | |
| Plaintiff/Appellant. | ) | App. No. 02A01-9803-CH-00066 |
| | ) | |
| VS. | ) | Hon. Joseph H. Walker, Judge |
| | ) | |
| **ROBERT CONLEY, WARDEN and** | ) | |
| **JIM BLANKENSHIP, HEALTH** | ) | **AFFIRMED** |
| **ADMINISTRATOR**, | ) | |
| | ) | |
| Defendants/Appellees. | ) | |
| | ) | OPINION FILED: |

**FILED**

**September 15, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

**Charles E. Haynes,** Pro Se

**John Knox Walkup,** Attorney General & Reporter
**Abigail Turner**, Assistant Attorney General
For Defendants/Appellees.

_____

## MEMORANDUM OPINION[1]
_____

**Farmer, J.**

Charles Edward Haynes sued Robert Conley, warden, and Tim Blankenship, health administrator, "pursuant to 42 U.S.C. § 1983 and T.C.A. § 28-3-104."[2] The trial court granted the Defendants' motion to dismiss the complaint pursuant to Rules 12.02(1) and (6) of the Tennessee Rules of Civil Procedure for lack of jurisdiction and for failure to state a claim upon which relief can be granted. The Plaintiff appeals from that order.

Although not specifically stated in the complaint, it is apparent that the Plaintiff is an inmate in the custody of the Tennessee Department of Corrections by his numerous references to prison personnel and the information contained in his application to proceed without payment of

---

[1]**Rule 10 (Court of Appeals). Memorandum Opinion. -- (b)** The Court, with concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

[2]This section of the code is a statute of limitations.

fees and affidavit indicating that he is incarcerated at the West Tennessee High Security Facility (WTHSF).

The complaint alleges that upon complaining of stomach pains, Plaintiff was seen at the prison infirmary where he was screened by a nurse and referred to a "P.A.", a Mr. Harper whom Plaintiff thought was a doctor. Mr. Harper provided Plaintiff with various medications over a period of time. Plaintiff avers that he was ultimately seen by a prison doctor who prescribed Zantac and an antibiotic. He was informed that Zantac is not on a list of medications paid for for prison use and, due to the cost, it had to be approved by a board. When Plaintiff complained to Warden Conley, he was advised that this was the policy of the department and there was nothing that Warden Conley could do. Plaintiff further alleges that both Defendants have refused to provide him with the names of the board members. The complaint seeks compensatory and punitive damages from the Defendants as well as injunctive relief requiring them to issue to him the medication prescribed by the prison doctor.

A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint, and we are required to take the allegations of the complaint as true and to construe the allegations liberally in favor of the plaintiff. ***Pursell v. First American Nat'l Bank***, 937 S.W.2d 838, 840 (Tenn. 1996).

Neither a state nor its officials sued in their official capacity are "persons" under § 1983. ***Will v. Michigan Dep't of State Police***, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). ***See also Dean v. Campbell***, No. 02A01-9704-CV-00077, 1997 WL 401960, (Tenn. App. July 17, 1997). The Defendants in the present case were clearly sued in their official capacities. ***Also see Hafer v. Melo***, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991).

Furthermore, T.C.A. § 9-8-307(h) provides that "[s]tate officers and employees are absolutely immune from liability for acts or omissions within the scope of the officer's or employee's office or employment, except for willful, malicious, or criminal acts or for acts or omissions done for personal gain." The complaint does not allege that the defendants were guilty of willful, malicious or criminal acts or omissions or for acts or omissions done for personal gain.

The judgment of the trial court is affirmed and the costs of this appeal are taxed to Mr. Haynes, for which execution may issue if necessary.

_____
FARMER, J.

_____
CRAWFORD, P.J., W.S. (Concurs)

_____
LILLARD, J. (Concurs)