# IN THE COURT OF APPEALS OF TENNESSEE
# AT NASHVILLE
September 15, 2006 Session

## FRANCES E. DeFORD v. HARPETH VALLEY UTILITIES DISTRICT

**Appeal from the Circuit Court for Davidson County**
**No. 04C1924     Thomas Brothers, Judge**

---

**No. M2005-02640-COA-R3-CV - Filed on January 2, 2007**

---

The plaintiff appeals the dismissal of her breach of contract action against her former employer, Harpeth Valley Utilities District. The plaintiff entered into a Deferred Compensation Agreement with Harpeth Valley at the beginning of her employment in 1998 that afforded her a retirement benefit if she remained employed until the year 2012. The plaintiff voluntarily left the employment of Harpeth Valley in 2003 after only five years of employment. One year later, she filed this action contending that a handwritten modification was made to the Agreement which provided that she was entitled to receive the retirement benefit and death benefit specified in the Agreement. The trial court dismissed her Complaint for failure to state a claim for which relief could be granted. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

Dan R. Alexander, Nashville, Tennessee, for the appellant, Frances E. DeFord.

L. Marshall Albritton, Nashville, Tennessee, for the appellee, Harpeth Valley Utilities.

### MEMORANDUM OPINION[1]

Frances DeFord, the plaintiff, entered into a Deferred Compensation Agreement with the Harpeth Valley Utilities District in August of 1998. The Agreement provided for a retirement benefit if the plaintiff was still employed by Harpeth Valley Utilities District on August 16, 2012.

---

[1]Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

The Agreement also provided a death benefit if the plaintiff died while in the employ of Harpeth Valley.

The plaintiff voluntarily left her job with Harpeth Valley on August 20, 2003. In the Complaint she filed on July 2, 2004, she contended that other former employees had "received the benefit of the deferred compensation agreement on early retirement," but that she was treated differently than other employees, that Harpeth Valley had "refused to honor the contract" and by doing so had violated the Tennessee Human Rights Act.[2]

Harpeth Valley filed an Answer alleging that no benefit was due to the plaintiff and filed a Motion to Dismiss for Failure to State a Claim pursuant to Tenn. R. Civ. P. 12.02(6) and a Motion for Judgment on the Pleadings pursuant to Tenn. R. Civ. P. 12.03. The trial court determined that the plaintiff failed to state a claim for which relief could be granted and that Harpeth Valley was entitled to a judgment on the pleadings. The plaintiff appeals.

When reviewing a trial court's grant of a Rule 12 motion, we must accept everything the plaintiff states in the complaint as true. *See Pursell v. First American National Bank*, 937 S.W.2d 838, 840 (Tenn. 1996); *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696-97 (Tenn. 2002). Accepting the facts pled in the Complaint as true means we have a 1998 typed and signed agreement on which there are two sets of handwritten notes made five years later. These notes have no signatures, initials, or dates. It is on this basis the plaintiff contends she has a cause of action against Harpeth Valley.

The Agreement clearly and unambiguously provides a condition precedent for Plaintiff to receive either of the benefits at issue. The relevant typed portion of the Agreement provides that should the plaintiff "still be in the active employment of Harpeth Valley, upon August 16, 2012," she will begin to receive $410 per month for a period of 180 months. The other benefit at issue is a death benefit. The relevant typed portion of the Agreement provides that the condition precedent to receiving the death benefit is that the plaintiff die while in the employ of Harpeth Valley.

The plaintiff places great weight on two sets of handwritten notations in the margin, each of which she contends modifies the Agreement in a fashion that entitles her to the relief sought when combined with her understanding and intentions. In the margin of the Agreement attached to the Complaint is a handwritten note next to the retirement benefit provision that reads "at age 65," and in the margin next to the death benefit provision is a handwritten note that says "if you die before 65 or early retirement." No signatures, initials, or dates accompany these notes. No such markings appear on the copy of the Agreement retained by Harpeth Valley.

---

[2] The claim under the Tennessee Human Rights Act is for discrimination based on Plaintiff's allegation that she was denied the retirement benefit upon early retirement but that two other similarly situated employees received the retirement benefit upon early retirement.

The plaintiff adamantly asserts that she understood the benefits would be payable upon early retirement, and that she detrimentally relied on this understanding. Unfortunately, her understanding and intent are not relevant to the matters in dispute because the Agreement is clear and unambiguous, the handwritten notes on which the plaintiff relies notwithstanding. Where language in a contract is unambiguous, we need not reach the question of the parties' intent in entering into a contract. *See Bradson Mercantile, Inc. v. Crabtree*, 1 S.W.3d 648, 652 (Tenn. Ct. App. 1999).

It is undisputed the plaintiff voluntarily left Harpeth Valley's employment long before satisfying the condition precedent. Accordingly, she is not entitled to the retirement benefit. It is undisputed that the plaintiff is very much alive and no longer employed by the Harpeth Valley. The plaintiff failed to satisfy the death benefit condition precedent as well and, accordingly, she is not entitled to recover that benefit.

We, therefore, affirm the judgment of the trial court, and this matter is remanded with costs of appeal assessed against the Appellant, Frances E. DeFord.

_____

FRANK G. CLEMENT, JR., JUDGE