IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 10, 2007 Session

# ANGIE SORHAGEN v. WILLIAMSON COUNTY ANIMAL SHELTER, A DIVISION OF THE WILLIAMSON COUNTY GOVERNMENT

**Appeal from the Circuit Court for Williamson County**
**No. 05066     Russ Heldman, Judge**

**No. M2006-00697-COA-R3-CV - Filed on January 24, 2007**

The plaintiff filed this action against Williamson County alleging the County failed and/or refused to return her dog and cat for which she sought monetary damages. The County filed a Tenn. R. Civ. P. 12.02(6) motion to dismiss, contending the negligence claim asserted pertained to a discretionary function for which the County was immune from suit under the Tennessee Governmental Tort Liability Act. The trial court granted the motion to dismiss. Finding no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

Dan R. Alexander, Nashville, Tennessee, for the appellant, Angie Sorhagen.

Lisa M. Carson, Franklin, Tennessee, for the appellee, Williamson County Animal Shelter, a Division of Williamson County Government of Tennessee.

## OPINION

Angie Sorhagen filed this action against Williamson County for damages allegedly due to the County's failure to return her dog and cat that were taken when the County raided a so-called "puppy mill" during the course of a criminal investigation. The "puppy mill" was owned and operated at the Williamson County home of Jennifer Siliski. Ms. Sorhagen alleges two of the pets taken from Siliski's home, a dog and a cat, belonged to her. The County does not dispute her contention that she owned these two pets.

Siliski housed as many as 200 cats and dogs at her home, most of which were Maltese dogs. Although many of the animals were owned by Siliski, several of the animals were owned by other

persons, including Ms. Sorhagen. Concerns arose regarding the care and treatment of the animals and the conditions in which they were housed at Siliski's home. In January 2004, the State of Tennessee commenced legal proceedings in the Williamson County Circuit Court to seize and remove all animals located at Siliski's home.[1]

After the animals were in the care and custody of the County, the Criminal Court of Williamson County, in a related proceeding, ordered the County to return the two pets to Ms. Sorhagen, but they were not returned.[2] The County advised Ms. Sorhagen they would willingly comply with the court order, but her pets had "disappeared."

Ms. Sorhagen then sued Williamson County contending it negligently chose to house her two pets at a facility that was not properly secured, and the County knew, or should have known, the security was exceedingly lax and there existed a likelihood of theft.[3] She also contended the decision to use the facility was not "a proprietary function" from which the County might be immune.[4] The County filed an Answer in which it raised affirmative defenses under the Tennessee Governmental Tort Liability Act (the Act), Tenn. Code Ann. § 29-20-101. Thereafter, the County filed a Tenn. R. Civ. P. 12.02(6) motion to dismiss, contending the matters at issue pertain to discretionary functions for which the County is immune. The trial court agreed with the County and granted the motion. We find no error with this decision.[5]

The purpose of a Tenn. R. Civ. P. 12.02(6) motion to dismiss is to determine whether the pleadings state a claim upon which relief can be granted. A Rule 12 motion only challenges the legal sufficiency of the complaint. It does not challenge the strength of the plaintiff's proof. *See Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.*, 986 S.W.2d 550, 554 (Tenn. 1999). In reviewing a motion to dismiss, we must liberally construe the complaint, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences. *See Pursell v. First American National Bank*, 937 S.W.2d 838, 840 (Tenn. 1996); *see also Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696-97 (Tenn. 2002). Thus, a complaint should not be dismissed for failure to state a claim *unless* it appears that the plaintiff can prove no set of facts

---

[1] That action, essentially a prosecution for animal abuse, was *State of Tennessee vs. Jennifer Siliski*, Docket No. I-CR-03192.

[2] The Williamson County Animal Shelter participated in the removal of the animals and in housing and caring for the animals pending resolution of various claims.

[3] Ms. Sorhagen does not contend the pets were wrongfully taken from the Siliski residence.

[4] Ms. Sorhagen asserted other claims in the original Complaint, but she filed an Amended Complaint in which only this one claim was asserted.

[5] In the related case of *Largin, et al. v. Williamson Co. Animal Control Shelter/Center,* No. M2005-01255-COA-R3-CV, 2006 WL 2619973, at *3-4 (Tenn. Ct. App. Sept. 12, 2006) similar claims were made by Marje Largin and Jennifer Siliski and the same defenses were asserted by the County. We affirmed the trial court's Tenn. R. Civ. P. 12(6) dismissal of the plaintiffs' claims in that matter.

in support of his or her claim that would warrant relief. *See Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999); *Fuerst v. Methodist Hospital South*, 566 S.W.2d 847, 848 (Tenn. 1978). Making such a determination is a question of law. Our review of a trial court's determinations on issues of law is *de novo*, with no presumption of correctness. *Frye v. Blue Ridge Neuroscience Center, P.C.*, 70 S.W.3d 710, 712-13 (Tenn. 2002); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000); *Ganzevoort v. Russell*, 949 S.W.2d 293, 296 (Tenn. 1997).

As the Act explains, municipalities are immune from suit for any injury "which may result from the activities of such governmental entities wherein such governmental entities are engaged in the exercise and discharge of any of their functions, governmental or proprietary." Tenn. Code Ann. § 29-20-201(a). "When immunity is removed by this chapter any claim for damages must be brought in strict compliance with the terms of this chapter." Tenn. Code Ann. § 29-20-201(c). The Act also expressly provides:

> Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment *except* if the injury arises out of: (1) the exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused; . . .

Tenn. Code Ann. § 29-20-205 (emphasis added). The only claim presented by Ms. Sorhagen asserts a claim related to the exercise or performance of a discretionary function, for which the County is immune from suit. Thus, Ms. Sorhagen does not state a claim against the County upon which relief can be granted.

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Appellant, Angie Sorhagen.

_____
FRANK G. CLEMENT, JR., JUDGE