IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 13, 2007

## ERIC TODD JACKSON v. CARRIE GASAWAY

**Appeal from the Circuit Court for Montgomery County**
**No. 50400644      Ross H. Hicks, Judge**

---

**No. M2004-02285-COA-R3-CV - Filed on July 12, 2007**

---

Inmate appeals the dismissal of his "Personal Injury Suit" against the attorney who represented him in a previous criminal matter. The trial court dismissed the action finding the complaint does not state a cause of action due to the lack of any allegation of severe mental injury and that any action arising out of alleged misconduct occurring on March 9, 2001, would be barred by the one-year statute of limitations. Finding the inmate's suit wholly without merit, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Eric Todd Jackson, Tiptonville, Tennessee, Pro Se.

Carrie Gasaway, Clarksville, Tennessee, Pro Se.

### MEMORANDUM OPINION[1]

Eric Todd Jackson, an inmate in the Northwest Correctional Complex in Tiptonville, Tennessee was represented in a criminal matter by Clarksville, Tennessee attorney Carrie Gasaway in 2001. Mr. Jackson entered a guilty plea in that matter which resulted in his incarceration.

On June 10, 2004, Mr. Jackson filed a pleading with the Circuit Court of Montgomery County, Tennessee entitled "Personal Injury Suit." In the pleading, he contends that Ms. Gasaway misled him to enter a guilty plea and to waive "numerous Constitutional Safe Guards by alleging Co-

---

[1]Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

defendant 'Tammy Sheeks' was to testify against [him]." Mr. Jackson contends Ms. Gasaway engaged in this conduct on two separate occasions, once on March 9, 2001, and again on August 22, 2003. Mr. Jackson further contends that Ms. Gasaway's conduct caused him to lose thousands of dollars of monetary damages due to the conveyance of false statements that subsequently led to the demise of his liberty.

Ms. Gasaway filed a motion to dismiss pursuant to Tenn. R. Civ. P. 12.02(6) for failure to state a claim for which relief could be granted. She also contended that to the extent a claim for events occurring on March 9, 2001, could be identified in Mr. Jackson's Personal Injury Suit, that claim would be barred by the one-year statute of limitations. The trial court granted the motion finding that the complaint does not state a cause of action due to the lack of any allegation of severe mental injury and that any action arising out of alleged misconduct occurring on March 9, 2001, would be barred by the one-year statute of limitations.

The purpose of a Tenn. R. Civ. P. 12.02(6) motion to dismiss is to determine whether the pleadings state a claim upon which relief can be granted. A Rule 12 motion only challenges the legal sufficiency of the complaint. It does not challenge the strength of the plaintiff's proof. *See Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.*, 986 S.W.2d 550, 554 (Tenn. 1999). In reviewing a motion to dismiss, we must liberally construe the complaint, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences. *See Pursell v. First American National Bank*, 937 S.W.2d 838, 840 (Tenn. 1996); *see also Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696-97 (Tenn. 2002). Thus, a complaint should not be dismissed for failure to state a claim *unless* it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief. (emphasis added) *See Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999); *Fuerst v. Methodist Hospital South*, 566 S.W.2d 847, 848 (Tenn. 1978). Making such a determination is a question of law. Our review of a trial court's determinations on issues of law is *de novo*, with no presumption of correctness. *Frye v. Blue Ridge Neuroscience Center, P.C.*, 70 S.W.3d 710, 713 (Tenn. 2002); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000); *Ganzevoort v. Russell*, 949 S.W.2d 293, 296 (Tenn. 1997).

Having examined Mr. Jackson's "Personal Injury Suit" we have concluded, as the trial court did, that it fails to state a claim upon which relief can be granted and thus was properly dismissed by the trial court. Therefore, the judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Eric Todd Jackson for which execution may issue.

_____
FRANK G. CLEMENT JR., JUDGE[2]

---

[2]This matter was assigned to the authoring judge in July of 2007.