IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 13, 2010 Session

# CHARLES E. JACKSON III v. METROPOLITAN GOVERNMENT OF NASHVILLE ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 08C-4089      Barbara N. Haynes, Judge**

**No. M2009-01970-COA-R3-CV - Filed June 7, 2010**

The matters at issue pertain to the alleged negligence of a Davidson County probation officer and the quasi-judicial immunity defense. Plaintiff, a probationer who was arrested and detained in jail on a probation violation warrant, filed this action alleging he was unlawfully arrested and jailed because his probation officer negligently failed to recall a probation warrant after he cured the deficiencies for which it was issued. The trial court granted the probation officer's Tenn. R. Civ. P. 12.02(6) motion to dismiss based on the defense of quasi-judicial immunity because the complaint asserted that she was acting in her capacity as his probation officer when she failed to recall the warrant. Plaintiff insists this was error, contending the probation officer is not entitled to quasi-judicial immunity because she was not performing a function essential to the judicial process and she had no discretion but to recall the warrant. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and ANDY D. BENNETT, J., joined.

Phillip L. Davidson, Nashville, Tennessee, for the appellant, Charles E. Jackson III.

Sue B. Cain, Director of Law; J. Brooks Fox and Christopher M. Lackey, Assistant Metropolitan Attorneys, for the appellees, The Metropolitan Government of Nashville and Davidson County and Jackie London.

## OPINION

Plaintiff, Charles E. Jackson, initially filed this civil action against the Metropolitan Government of Nashville, Davidson County, Tennessee, alleging it was liable for the

negligent acts or omissions of its employee, Probation Officer Julie London. The complaint was subsequently amended to add the probation officer, London, as a defendant in her individual capacity. Thereafter, the claims against the Metropolitan Government were voluntarily dropped, leaving London as the sole defendant.[1]

This cause of action arises from the issuance of a probation violation warrant against Jackson due to Jackson's failure to comply with the conditions of his probation. The warrant was issued by a judge of the General Sessions Court of Davidson County on October 25, 2007, upon the attestation of Davidson County Probation Officer Julie London.[2] Jackson performed the public service work after the warrant was issued and prior to it being served on him. When Jackson was subsequently served with the warrant, he was arrested and remained incarcerated for several days.

In this action Jackson contends that Probation Officer London had a duty to withdraw the warrant once he performed the required public service work, that she breached this duty by failing to withdraw the warrant, and that London's negligence was the proximate cause of Jackson's arrest and resulting injuries – humiliation, embarrassment, loss of freedom and legal fees.

London responded to the complaint by filing a Tenn. R. Civ. P. 12.02(6) Motion to Dismiss in which she asserted that she is entitled to quasi-judicial immunity because the claims arose from her actions as a probation officer for the Davidson County General Sessions Court. The trial court granted the motion, dismissing all of Jackson's claims against London with prejudice.

Dismissal of a complaint under Tennessee Rule of Civil Procedure 12.02(6) is warranted when the facts alleged in the complaint will not entitle the plaintiff to relief. *City of Brentwood v. Metro. Bd. of Zoning Appeals*, 149 S.W.3d 49, 54 (Tenn. Ct. App . 2004). In reviewing a Rule 12 motion to dismiss, the court is required to presume all factual

---

[1]Jackson initially filed this action against the Metropolitan Government (but not London), asserting a claim based on the negligence of its employee, London. The Metropolitan Government responded with a Tenn. R. Civ. P. 12.02(6) Motion to Dismiss, asserting immunity pursuant to Tennessee's Governmental Tort Liability Act (Tenn. Code Ann. §§ 29-20-101, et. seq.). Jackson filed an amended complaint to add Probation Officer London, in her individual capacity, as an additional defendant. The Metropolitan Government then filed a motion to strike all claims asserted against it. Jackson filed a Second Amended Complaint, asserting claims against London in her individual capacity but no claims were asserted against the Metropolitan Government in the Second Amended Complaint; accordingly, it was dismissed from the action.

[2]London requested the issuance of the warrant in July of 2007; the record does not reveal why the warrant was not issued until three months later.

allegations in the complaint to be true and to give the plaintiff the benefit of all reasonable inferences. *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696-97 (Tenn. 2002); *Pursell v. First Am. Nat'l Bank*, 937 S.W.2d 838, 840 (Tenn. 1996). Accordingly, it is our duty to determine the legal sufficiency of Jackson's Complaint, as amended.

As stated above, the complaint states the only facts we may consider. The facts stated in the complaint that are pertinent to the issues on appeal are set forth below:

1.3. Defendant. The Defendant, Julie London [London], at all times mentioned in this Complaint was an employee of the Metro Government working in the Probation Department. She is sued individually.

1.4 Scope of Employment. At all times mentioned in this Complaint, London was acting within the scope of their [sic] employment as a Metro employee.

2. Facts. On March 24, 2008, at approximately 12:40 a.m., officers of the Metropolitan Police Department of Nashville and Davidson County came to Jackson's home and seized him with a warrant for his arrest for violating the conditions of his probation.

2.1. At this time, Jackson had satisfactorily completed his probation for driving under the influence, first offense.

2.2. In July of 2007, during his probation, Jackson had failed to perform public service work which was a condition of his probation. Jackson's probation officer, London, a Metro employee, issued a probation violation warrant for Jackson for violating this provision of his probation. However, after the warrant was taken out, Jackson performed the public service work to the satisfaction of London and Jackson finished his probation without further incident.

2.3. During the intervening months, London forgot she had taken out a warrant for Jackson and failed to recall the warrant.

2.4. Jackson was arrested, handcuffed, taken from his home in he [sic] middle of the night; booked and spent time in jail until the mistake was brought to the attention of his former probation officer who then had the warrant dismissed. Jackson was then released from jail.

3. Negligence. London was negligent in not recalling the warrant she had

caused to be issued. There was an almost six month window from the time the warrant was issued and Jackson completed his public service work until the time Jackson was arrested and jailed. There had been ample time to recall the warrant.

3.1. London had a duty to properly supervise Jackson's probation. She breached this duty by failing to withdraw the warrant. This act of negligence was the proximate cause of Jackson's arrest and injuries.

4. <u>Control</u>. London had control over Jackson's everyday life during the time he was on probation. This control was absolute. If Jackson violated any provision of his probation, the probation officer could have him arrested.

5. <u>Injuries</u>. As a direct and proximate result of the negligence by London heretofore set forth, Jackson suffered humiliation, embarrassment, loss of freedom and had to spend sums of money to defend himself.
. . . .

When the motion to dismiss came before the trial court, and after considering the facts stated in the complaint, and taking judicial notice under Tenn. R. Evid. 201 of the probation violation warrant issued by Judge Aaron Holt of the General Sessions Court on October 25, 2007, the trial court made the following findings:

1. Jackie London, as a probation officer acting at the direction of the court, is entitled to quasi judicial immunity for her actions and decisions in the performance of duties integral to the judicial process; and

2. Plaintiff's claims center on the allegation that Ms. London negligently performed a function integral to the judicial process, an action for which she is entitled to quasi judicial immunity.

The trial court then ordered that "all of Plaintiff's claims against Jackie London be dismissed with prejudice." Jackson timely appealed the dismissal of his claim. In this appeal, Jackson contends London is not entitled to quasi-judicial immunity for two reasons: (1) she was not performing an official function; and (2) she had no discretion but to recall the probation violation warrant when he completed the public service work required of him.

-4-

**ANALYSIS**

**I.**

Before we analyze the principal issue of quasi-judicial immunity, it is important that we address the distinction between "legal conclusions" and "statements of fact" as they pertain to the court's analysis of a Tenn. R. Civ. P. 12 motion to dismiss. In reviewing a Tenn. R. Civ. P. 12 motion to dismiss, the court is required to presume all *factual* allegations in the complaint to be true. *See Trau-Med of Am., Inc.*, 71 S.W.3d at 696-97; *Pursell*, 937 S.W.2d at 840. We are not, however, constrained to consider as true *conclusions of law* asserted in a complaint. *See Rigg v. Burson*, 941 S.W.2d 44, 47-48 (Tenn. 1997) (citing *Dobbs v. Guenther*, 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992)) (holding the legal conclusions set forth in a complaint are not required to be taken as true); *see also Ashcroft v. Iqbal*, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (stating: "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")).

In the complaint Jackson states that London had control over his everyday life during the time he was on probation. The complaint reads in pertinent part: "[t]his control was absolute. If Jackson violated any provision of his probation, the probation officer could have him arrested." The foregoing statements, however, are not statements of fact, they are legal conclusions. Moreover, they are erroneous legal conclusions.

The power to have a probationer arrested (the act of issuing a probation violation warrant) lies within the sole discretion of the judge assigned to the case. *See* Tenn. Code Ann. § 40-35-311(a). Thus, London did not have absolute control over Jackson, and she did not have the independent authority to have him arrested. As the statutory scheme reveals, the procedure to revoke probation may begin with a probation officer bringing a probationer's noncompliance to the attention of the court. The probation officer, however, does not issue the warrant; the probation officer merely presents the relevant facts to the court by means of an affidavit. The judge, not the probation officer, then decides whether a warrant shall be issued. *Id.*

> Whenever it comes to the attention of the trial judge that any defendant . . . has violated the conditions of probation, *the trial judge shall have the power to cause to be issued under the trial judges hand a warrant for the arrest of the defendant as in any other criminal case.*

Tenn. Code Ann. § 40-35-311(a) (emphasis added). Conversely, only the judge has the power to recall a probation violation warrant issued by the court; the probation officer's ability to recall a warrant is limited to requesting the judge recall the warrant by presenting the pertinent facts to the court.

We also wish to address another erroneous legal conclusion Jackson states in the complaint, that he *finished* his probation prior to his arrest on the probation violation warrant. Jackson states in the complaint that a probation violation warrant was issued while he was on probation, it was never recalled, and he finished his probation prior to the warrant being served on him. These "facts" do not support Jackson's asserted legal conclusion that he finished probation. This is because a probationer's term of probation is stayed when a probation violation warrant is issued. *See State v. Anthony*, 109 S.W.3d 377, 381-82 (Tenn. Crim. App. 2001) (holding "the expiration of a term of probation is stayed by the filing of a violation *warrant* . . . and the probationary term remains in effect until the trial court rules on the violation warrant."). As a matter of law, because the warrant was issued and not recalled prior to his arrest, Jackson's probationary term did not expire; thus, he could not have "finished" his probation.

II.

Quasi-judicial immunity, a form of judicial immunity,[3] has been extended to persons performing quasi-judicial functions. *See Miller v. Niblack*, 942 S.W.2d 533, 537 (Tenn. Ct. App. 1996); *see also Bryant-Bruce v. State*, No. M2002-03059-COA-R3-CV, 2005 WL 2384696, at *6 (Tenn. Ct. App. Sept. 27, 2005).

> The immunity, commonly referred to as quasi-judicial immunity, applies to persons who are not judges but whose functions are an integral part of or intimately related to the judicial process. These functions must be absolutely necessary to the proper functioning of the judicial process and immunity for persons performing these functions arises only when the danger that they will be distracted from the performance of their duties is very great.

*Bryant-Bruce,* at *6. (internal citations omitted).[4]

---

[3] Absolute judicial immunity is limited to judges. *See Miller v. Niblack*, 942 S.W.2d 533, 537 (Tenn. Ct. App. 1996).

[4] The issue of whether quasi-judicial immunity extends to other persons whose functions are judicial in nature has been discussed at length by many courts, including the federal courts. *See Harlow v. Fitzgerald*, 457 U.S. 800, 810-11 (1982); *Butz v. Economou*, 438 U.S. 478, 513 (1978); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Federal officers other than judges, including hearing officers and administrative law
(continued...)

The issue presented by Jackson is not new to this court. We recently discussed the availability of the defense of quasi-judicial immunity to a probation officer for acts occurring while performing her duties in *Haynie v. State,* No. M2009-01340-COA-R2-CV, 2010 WL 366689, at *3 (Tenn. Ct. App. Feb. 2, 2010).[5] In that matter, the probationer alleged that his probation officer was liable to him for negligently obtaining a probation violation warrant against him. Like here, the probation officer asserted the defense of quasi-judicial immunity. This court held that the probation officer was entitled to the quasi-judicial immunity defense because the "act of reporting probation violations, negligent or not, is part of [a probation officer's] official duties – the judicial process of monitoring a convicted felon's compliance with the Court's orders." *Id.*

In another case involving the negligent acts of omissions of a court clerk, *Chapman v. Kelley*, M2001-00928-COA-R3-CV, 2002 WL 1974136, at *5 (Tenn. Ct. App. Aug. 28, 2002), we determined that court clerks who negligently failed to inform the court of an improperly issued warrant were protected by quasi-judicial immunity because they were officials involved in an integral part of the judicial process.

We find no rational basis upon which to distinguish the acts or omissions of Probation Officer London stated in Jackson's complaint from the acts and omissions of the probation officer in *Haynie* or the clerk in *Chapman*.

Jackson also contends the quasi-judicial immunity defense is not available to London because the act of recalling a probation violation warrant is not discretionary. He asserts in his brief that once the reason for the warrant had been eliminated, i.e., he completed his public service work or he was no longer on probation, Probation Officer London had no discretion but to recall the warrant. In making this argument, Jackson cites this court's holding in *Miller v. Niblack*. We, however, find the facts in *Niblack* and the facts in this case easily distinguishable.

---

[4](...continued)
judges, have been afforded quasi-judicial immunity. *Butz*, 438 U.S. at 513. The United States Supreme Court also extended the defense to state prosecutors and police officers, but the cloak of immunity only extends to functions performed by such persons which are judicial in nature. *Imbler*, 424 U.S. at 430-31.

[5]In *Haynie*, George Haynie, Jr. filed a claim for damages against the State for the negligent actions of a state probation officer for negligently attesting to a probation violation and a criminal court judge for negligently issuing a warrant on the basis of the probation officer's affidavit. *Haynie v. State,* No. M2009-01340-COA-R2-CV, 2010 WL 366689, at *1 (Tenn. Ct. App. Feb. 2, 2010). Mr. Haynie contended that he was not on probation. *Id*. The Claims Commission dismissed the claim upon the State's Tenn. R. Civ. P. 12.02(6) motion based on the fact that the judge and probation officer had immunity for their actions. *Id.* Our court affirmed that decision holding that the judge was entitled to judicial immunity and the probation officer quasi-judicial immunity. *Id.*

The court found that the defendants in *Niblack*, who were employees of an independent laboratory that performed paternity tests, did not have quasi-judicial immunity because they had "no modicum of official discretion." *Niblack*, 942 S.W.2d at 539. As the court explained:

> Immunity can only exist when the defendant officer is required to exercise some modicum of official discretion. . . . since the rational for official [quasi judicial] immunity is the promotion of fearless, vigorous, or effective administration of policies of government, the qualification of immunity which limits it to discretionary acts is eminently practical.

*Niblack*, 942 S.W.2d at 539 (citing 63 Am.Jur.2d *Public Officers and Employees* § 362 (1984)). Unlike the facts at issue here, the *Niblack* defendants, employees of a laboratory, had no discretion due to a written contract between the laboratory and juvenile court, which stated in pertinent part:

> The Lab will perform testing on Red Blood Cell Antigens (RBC) on all individuals referred for testing. If upon completion of testing of RBC, there is a direct exclusion or multiple indirect exclusions, unless otherwise instructed, the Lab will discontinue testing. However, in case where the specimens from the parties do not arrive in the Lab on the same day, the Lab will perform RBC and Human Leukocyte Antigen (HLA) procedures on all partial cases submitted.
>
> If upon completion of RBC, there is no direct exclusion or multiple indirect exclusions, the Lab will perform HLA testing.
>
> If upon completion of RBC and/or HLA, the probability of paternity is less than 99%, the Lab will extend testing using serum proteins, red cell enzymes and/or DNA Probe. If, after performing all testing, the probability of paternity is less than 99%, there will be no charge for any services provided.

*Niblack*, 942 S.W.2d at 539.

After considering the quoted provisions of the contract at issue in *Niblack*, the court stated:

> We find the contract between RHL and the Juvenile Court exact in its requirements of RHL in performing the blood tests. *There is no room for discretion* as to the type of tests to be performed or the order in which they are

-8-

conducted. Moreover, *the test results are not subject to different interpretation*. They either exclude the alleged father or do not. *This is directly opposite to the aforementioned cases concerning psychologists or psychiatrists who were appointed by the court to conduct an "evaluation."* Here, the tasks of RHL did not lend themselves to "uninhibited and independent decision making."

*Id*. (emphasis added). As the above reveals, the defendants in *Niblack* had no discretion. That is not the case with London.

Whether to request the recall of a probation violation warrant is a discretionary function probation officers perform. Accordingly, *Niblack* is distinguished based on the facts of the case. We, therefore, find this issue without merit as well.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the appellant, Charles E. Jackson III.

_____
FRANK G. CLEMENT, JR., JUDGE