IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 22, 2012 Session

# DAVID A. PACZKO ET AL. v. SUNTRUST MORTGAGES, INC. ET AL.

**Appeal from the Chancery Court for Williamson County**
**No. 39912      D. J. Allissandratos, Chancellor**

_____

**No. M2011-02528-COA-R3-CV - Filed September 25, 2012**

_____

Plaintiffs filed this action seeking to enjoin the foreclosure of their residence and to quiet title. They also alleged slander of title and violations of the Tennessee Consumer Protection Act. The trial court dismissed the action upon the defendants' motions to dismiss for failure to state a claim. We have determined that TCPA claims do not apply to allegedly deceptive conduct in foreclosure proceedings, thus the dismissal of the TCPA claim is affirmed. We have also determined that the plaintiffs never denied that they were in default of the Note and Deed of Trust and they admitted that, during the pendency of this action, the property was foreclosed upon and sold, thus they no longer have an interest in the property, which circumstances render the remaining claims moot. We, therefore, affirm the dismissal of this action.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and RICHARD H. DINKINS, J., joined.

James Marshall, Spring Hill, Tennessee, and Carol A. Molloy, Lynnville, Tennessee, for the appellants, David A. Paczko and Barbara M. Paczko a/k/a Barbara McCafferty Paczko.

Kenneth M. Bryant and Kevin C. Baltz, Nashville, Tennessee, for the appellees, Suntrust Mortgage, Inc., Mortgage Electronic Registration Systems, Inc., and Federal National Mortgage Association.

Lori L. McGowan, Atlanta, Georgia, for the appellees, Nationwide Trustee Services, Inc., Prommis Solutions, LLC, and Johnson and Freedman, LLC.

**OPINION**

Plaintiffs, David and Barbara Paczko, purchased property at 2750 Rock Wall Road in Williamson County on April 11, 2008, at which time they executed a promissory note in the amount of $417,000 (the "Note") payable to SunTrust Mortgage, Inc. The Note was secured by a Deed of Trust, which named SunTrust Mortgage, Inc. as the lender and Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee for the benefit of SunTrust.

Three years later, Plaintiffs defaulted on the Note and Deed of Trust. Following Plaintiffs' default, in June of 2011, MERS executed an Assignment of the Deed of Trust to SunTrust, which in turn executed an Appointment of Substitute Trustee naming Nationwide Trustee Services as the Substitute Trustee. Both of these actions were recorded with the Williamson County Register of Deeds. Thereafter, Nationwide instituted foreclosure proceedings upon Plaintiffs' property.

On July 6, 2011, Plaintiffs commenced this action with the filing of a "Complaint To Restrict And Prohibit Foreclosure, For Damages And For Legal And Equitable Relief" in the Williamson County Chancery Court seeking injunctive relief to stop the foreclosure and setting forth claims for slander of title and violations of the Tennessee Consumer Protection Act, and seeking to quiet title. The named defendants were SunTrust Mortgage Inc., MERS, Federal National Mortgage Association ("Fannie Mae"), Nationwide, Prommis Solutions, and Johnson & Freedman, LLC.[1] The trial court issued a temporary restraining order on July 14, 2011, staying the foreclosure of the property, which was extended by agreed order entered on August 26, 2011.

Defendants SunTrust, MERS, and Fannie Mae filed a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss. The motion was supported by the affidavits of Mary C. Jones, an Assistant Vice-President and Pre-Foreclosure Manager for SunTrust, and Kenneth Bryant, an attorney for the Defendants. Defendants also attached copies of the Deed of Trust and Note to Bryant's affidavit and filed certified copies of the Deed of Trust, Assignment of Deed of Trust, and Appointment of Nationwide as Substitute Trustee. In their motion, Defendants contended that SunTrust and Nationwide had full authority to initiate foreclosure proceedings as "holder" of the Note. On August 18, 2011, Defendants Nationwide, Prommis, and Johnson & Freedman joined in the motion to dismiss. Following a hearing, the trial court entered an order on September 7, 2011, granting all of the

---

[1]On July 26, 2011, Plaintiffs amended their complaint to add Bank of America as a defendant; Plaintiffs later took a non-suit as to Bank of America.

Defendants' motions to dismiss on the ground that the parties had authority to initiate foreclosure proceedings as the holder of the Note. Plaintiffs filed a motion to alter or amend, which the trial court denied. Plaintiffs filed a timely appeal.

**ANALYSIS**

Plaintiffs raise several issues on appeal. They contend that the trial court committed error by treating Defendants' motion as a motion to dismiss rather than a motion for summary judgment when Defendants submitted evidence outside of the pleadings for the court's consideration. Plaintiffs further argue that the trial court erred in granting the motion to dismiss, that the extrinsic evidence submitted by Defendants in support of their motion was deficient, and that SunTrust erroneously claimed it was entitled to enforce the Note. Generally, Plaintiffs argue that their Amended Complaint was sufficient to state a claim to quiet title, for slander of title, and for violations of the Tennessee Consumer Protection Act.[2] However, and significantly, at no time in these proceedings did Plaintiffs deny being in default of the Note or Deed of Trust.

**I. Tennessee Consumer Protection Act**

Plaintiffs asserted a claim under the Tennessee Consumer Protection Act in their complaint, making the following allegations:

> 31. Defendants [SunTrust], Nationwide, Prommis and [Johnson & Freedman] are intentionally instituting a foreclosure against the Plaintiffs with full knowledge that [SunTrust] has no right, title and/or interest in the property upon which to foreclose.
>
> 32. The scheme, intentionally employed by Defendants with full knowledge that they had no legal right to foreclose upon the property, had the capacity and tendency to deceive Plaintiffs into believing that [SunTrust] had the right to foreclose upon their property.
> . . .
>
> 35. The acts of Defendants whereby they have purposely provided the Plaintiffs with conflicting information regarding the servicing and ownership

---

[2]Plaintiffs also sought injunctive relief to prevent foreclosure and the sale of the property before the trial court. However, as Plaintiffs' counsel acknowledged during oral argument, the real property was foreclosed upon and sold while this action was pending in the trial court and Plaintiffs do not raise any issues related to this issue on appeal.

of their loan constitutes "unfair and deceptive" business practices as defined by [Tennessee Code Annotated §] 47-18-104.

The trial court dismissed Plaintiffs' TCPA claim for failure to state a claim upon which relief could be granted. We find no error with this decision because the TCPA does not apply to allegedly deceptive conduct in foreclosure proceedings. *Gibson v. Mortgage Elec. Registration Sys., Inc.*, No. 11-2173-STA, 2011 WL 3608538, at *5 (W.D. Tenn. Aug. 16, 2011) (quoting *Simms v. CIT Group Consumer Fin.*, No. 08-2655-STA, 2009 WL 973011, at *9 (W.D. Tenn. 2009)) (stating "this Court and others applying Tennessee law have held that 'the TCPA does not provide a cause of action for the conduct of foreclosure'"); *see also Hunter v. Washington Mut. Bank*, No. 2:08-CV-069, 2008 WL 4206604 (E.D. Tenn. 2008).

In *Simms*, the district courts relied upon the Tennessee Supreme Court's decision in *Pursell v. First American National Bank*, 937 S.W.2d 838 (Tenn. 1996), in which the court held that the TCPA did not create a cause of action for deceptive repossession procedures because the actions of a bank and its agent in carrying out a repossession "did not affect the 'advertising, offering for sale, lease or rental, or distribution of any goods, services, or property, tangible or intangible, real, personal, or mixed, and other articles, commodities, or things of value wherever situated."' *Simms*, 2009 WL 973011, at *9 (quoting *Pursell*, 937 S.W.2d at 841). As noted in *Pursell*, the TCPA "does not extend to every action of every business in the state of Tennessee." *Pursell*, 937 S.W2d at 941. Accordingly, we affirm the dismissal of Plaintiffs' TCPA claim.

## II. Slander of Title & Action to Quiet Title

Plaintiffs also alleged a claim for slander of title and a corresponding claim to quiet title. A successful claim for slander of title requires: "(1) that the [plaintiff] has an interest in the property, (2) that the defendant published false statements about the title to the property, (3) that the defendant was acting maliciously, and (4) that the false statements proximately caused the plaintiff a pecuniary loss." *Brooks v. Lambert*, 15 S.W.3d 482, 484 (Tenn. Ct. App. 1999). One may bring an action to quiet title in realty but to do so he or she must have an interest in the property at issue. *See Indus. Dev. Bd. of City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995); *see also Hall v. Fowler*, No. W2006-00385-COA-R3-CV, 2007 WL 4554651, at *5 (Tenn. Ct. App. Dec. 28, 2007).

Plaintiffs have acknowledged that the property was foreclosed upon and sold while this action was pending and they are not seeking to recover the property. Therefore Plaintiffs no longer have any interest in "the property." "Cases must be justiciable not only when they are first filed *but must also remain justiciable throughout the entire course of the litigation*,

*including the appeal.*" *McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994) (citing *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Kremens v. Bartley,* 431 U.S. 119, 128–29 (1977); 13A Charles A. Wright et al., *Federal Practice and Procedure* §§ 3533, 3533.10 (2d ed. 1984)) (emphasis added). Plaintiffs' claims for slander of title and to quiet title were justiciable when this action was commenced; however, these claims are no longer justiciable because Plaintiffs no longer have an interest in "the property." Accordingly these claims are moot. *See McIntyre*, 884 S.W.2d at 137 (citing *Davis v. McClaran*, App. No. 01–A–01–9304– CH–00164, 1993 WL 523667, at *2 (Tenn. Ct. App. Dec. 10, 1993) ("[m]ootness is a doctrine of justiciability"); *Federal Practice and Procedure* § 3533, at 211).

### III. Claim for Monetary Damages

As noted previously, Plaintiffs acknowledged they were in default on the Note and, although they challenged the right of SunTrust to initiate and pursue foreclosure proceedings, the property was foreclosed upon and sold while this action was pending. Further, Plaintiffs do not seek to recover the property. Nevertheless, Plaintiffs seek to recover monetary damages as they pertain to the foreclosure on their now former property. Plaintiffs have presented several creative theories upon which they claim to be entitled to pursue monetary damages; we find no merit to these theories.

### In Conclusion

Although some of our rulings in this appeal are based on different grounds than those relied upon by the trial court in dismissing Plaintiffs' claims, we affirm the decision to dismiss all of Plaintiffs' claims in this action.[3] Accordingly, the judgment of the trial court is affirmed and this matter is remanded with costs of appeal assessed against the Appellants.

_____
FRANK G. CLEMENT, JR., JUDGE

---

[3]"The Court of Appeals may affirm a judgment on different grounds than those relied on by the trial court when the trial court reached the correct result." *City of Brentwood v. Metropolitan Bd. of Zoning Appeals*, 149 S.W.3d 49, 60 n.18 (Tenn. Ct. App. 2004).