IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 18, 2014 Session

# DONNA L. SINGER v. HIGHWAY 46 PROPERTIES, LLC v. DICKSON TITLE, LLC, ET AL.

**Appeal from the Chancery Court for Dickson County**
**No. 2012CV398      George C. Sexton, Chancellor**

---

### No. M2013-02682-COA-R3-CV - Filed September 23, 2014

---

Suit brought by judgment creditor to enforce judgment lien evolved into third-party complaint, whereby the party who had purchased real property from the judgment debtor sued the company that performed a pre-closing title search and the company which issued an owner's title insurance policy for indemnification of any amounts it might be required to pay. Both companies moved to dismiss the third-party for failure to state a claim for relief; the trial court granted both motions. The property owner appeals; finding no error, we affirm the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

Phillip Byron Jones, Nashville, Tennessee, for the appellant, Highway 46 Properties, LLC.

R. Eric Thornton, Dickson, Tennessee, for the appellee, Dickson Title, LLC.

## OPINION

Donna Singer ("Ms. Singer") was awarded $17,900.00 on October 4, 2004 as a result of an arbitration of her claim against the Cunningham Company, d/b/a/ Dickson Homes, for breach of contract arising from the construction of her new home. The award was confirmed and made the judgment of the Dickson County Chancery Court on March 15, 2005, and was recorded in the office of the Dickson County Register of Deeds on April 28, 2005.

The Cunningham Company filed a petition for bankruptcy on April 18, 2005; the petition was dismissed on November 23, 2005. On December 14, 2005 the Cunningham Company conveyed two parcels of property in Dickson County to W. H. Summers ("Summers") by warranty deed. Chicago Title Insurance Company issued an owner's title insurance policy dated December 14, 2005, listing W. H. Summers as the insured and insuring that fee simple title was vested in him; the policy did not contain an exception for Ms. Singer's judgment against the Cunningham Company of record in the Register's Office. The policy was executed "Dickson Title, LLC, Authorized Agent for Chicago Title" by "Lawrence E. Ramsey, Authorized Signatory." On February 15, 2006, Summers conveyed the property by quitclaim deed to Highway 46 Properties, LLC ("Highway 46"), which had been formed on February 14, 2006.

On September 28, 2012, Ms. Singer filed a petition to enforce the judgment lien and direct the sale of the property; Highway 46 was named as the respondent. Highway 46 duly answered and filed a third-party complaint, naming Dickson Title, LLC ("Dickson") and Fidelity National Title Group, Inc. d/b/a or formerly d/b/a Chicago Title Insurance Company ("Chicago") as third-party defendants. Highway 46 asserted causes of action against Dickson for negligence and breach of "express or implied contactual obligations" relative to the pre-closing title search. The complaint asserted causes of action against Chicago for breach of contract, unfair and deceptive practices under the Tennessee Consumer Protection Act, Tenn. Code Ann.§ 47-18-101, et seq., and for acting in bad faith in not honoring a claim under the policy in violation of Tenn. Code Ann. § 56-7-105.

In due course, Chicago filed a Tenn. R. Civ. P. 12.02(6) motion to dismiss on the ground that Highway 46 was not an insured under the title policy. Dickson likewise moved to dismiss the claims against it on the grounds that the negligence and breach of contract claims were barred by the statute of limitations, that Dickson was not in privity with Highway 46 and owed it no duty of care, and that Dickson, as agent for Chicago, was not liable on the policy. Highway 46 responded to both motions, filing a memorandum of law, an affidavit of Summers, and the articles of organization and annual reports of Highway 46, certified by the Tennessee Secretary of State.

Ms. Singer filed a motion for summary judgment accompanied by a statement of undisputed material facts and a memorandum of law. Highway 46 filed a response to the motion and statement of undisputed facts; Dickson also filed a response to the statement of undisputed material facts.

On November 8, 2013, the court entered an order granting both motions to dismiss and on December 13 entered an order granting Ms. Singer's motion for summary judgment. Highway 46 timely filed a notice appealing the dismissal of its complaint. While the appeal

2

was pending, Highway 46 settled its claims with Chicago and, by order entered April 25, 2014, Chicago was dismissed as a party to this appeal.[1]

## I. STANDARD OF REVIEW

The purpose of a Tenn. R. Civ. P. 12.02(6) motion to dismiss is to determine whether the complaint states a claim upon which relief can be granted; such a motion challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof. *See Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.*, 986 S.W.2d 550, 554 (Tenn. 1999). Thus, a complaint should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief. *See Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999); *Fuerst v. Methodist Hospital South*, 566 S.W.2d 847, 848 (Tenn. 1978). Making such a determination is a question of law, which we review on appeal *de novo* with no presumption of correctness. *Frye v. Blue Ridge Neuroscience Center, P.C.*, 70 S. W.3d 710, 713 (Tenn. 2002); *Bowden v. Ward,* 27 S.W.3d 913, 916 (Tenn. 2000).

As an initial matter, it is necessary for us to address what materials are appropriate for us to consider as we resolve the issues raised by Highway 46. Where a motion to dismiss for failure to state a claim has been filed and the court considers matters outside the complaint, the motion is generally treated and disposed of as a motion for summary judgment.[2] Numerous exhibits were attached to the complaint;[3] in addition, in its response to the motions

---

[1] On May 2, 2014 Dickson moved pursuant to Tenn. R. App. P. 14 for us to hold that the remaining issues on appeal were moot as a result of Highway 46's settlement with Chicago; we entered an order reserving ruling on the motion pending oral argument. We have concluded that the settlement between Highway 46 and Chicago does not resolve all issues Highway 46 raises on appeal relative to the dismissal of its claims against Dickson or render them moot.

[2] Tenn. R. Civ. P. 12.02 states in pertinent part:

If, on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

[3] The exhibits that were attached are: Exhibit A- order confirming arbitrator's award entered in Dickson County Chancery Court on March 15, 2005; Exhibit B - arbitrator's award dated October 4, 2004, and warranty deed December 14, 2005, conveying the property from the Cunningham Company to Summers; Exhibit C - quitclaim deed dated February 15, 2006, conveying the property from Summers to Highway 46; owner's title insurance policy issued by Chicago; Exhibit D - letter dated March 4, 2006 from Summers' counsel to Dickson's counsel, enclosing order confirming the arbitrator's award, the arbitrator's award, and

to dismiss, Highway 46 asked the court to consider the Summers affidavit and its articles of organization and annual reports in ruling on the motion. In its order granting the motions, the court stated:

> Based upon the third-party complaint, the motions to dismiss filed by third-party defendants, responses filed by third-party plaintiff Highway 46 Properties, LLC (including the Affidavit of W.H. Summers and supporting documents), the Court finds that the third-party complaint fails to state a claim upon which relief can be granted and that both motions to dismiss should accordingly be GRANTED.

This court has recognized exceptions which allow a court to consider materials other than the complaint in ruling on a motion to dismiss for failure to state a claim for relief without converting it to a motion for summary judgment. In *Western Express, Inc. v. Brentwood Services, Inc.* we cited the following language from *Ind. State District Council of Laborers v. Brukardt*:

> There are exceptions to the above rule [that in considering a settlement agreement which was not a part of the pleadings a Rule 12.02(6) motion should have been treated as a Rule 56 motion for summary judgment], and the appellee contends that these exceptions apply here. The exceptions are reflected as follows:
>
>> Numerous cases . . . have allowed consideration of matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items

a "Release of Lien of Deed of Trust" December 16, 2005, executed by FirstBank and releasing a deed of trust from Cunningham Company to David England, Trustee; Exhibit E - letter dated May 12, 2006, from Chicago's "underwriting counsel" to " Old Republic Title Insurance Company c/o White, Regen & Garton, PLC"; Exhibit F - letter dated April 6, 2007, from Chicago's "underwriting counsel" to Sidwell, Barrett, & Welch, P.C., enclosing the commitment to issue Summers' owner's title insurance policy; Exhibit G - letter dated March 27, 2012, from Ms. Singer's counsel to "Highway 46 Properties, LLC, attn: W.H. Summers"; Exhibit H - letter dated April 10, 2012, from Summers' and Highway 46's counsel to "Chicago Title Insurance Co. c/o Dickson Title, LLC"; Exhibit I - letter dated May 10, 2012, from Summers' and Highway 46's counsel to "Chicago Title Insurance Co. c/o Dickson Title, LLC"; Exhibit J - letter dated July 25, 2012, from Summers' and Highway 46's counsel to "claims counsel" for Fidelity; Exhibit K - letter dated July 30, 2012, from Chicago's "claims counsel" to Summers' and Highway 46's counsel; Exhibit L - letter dated September 19, 2012, from Summers' and Highway 46's counsel to Fidelity's "claims counsel"; Exhibit M- letter dated September 26, 2012, from Chicago's claims counsel to Summers' and Highway 46's counsel; and Exhibit N - email from Summers' and Highway 46's counsel to Chicago's "claims counsel."

appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned; these items may be considered by the district judge without converting the motion into one for summary judgment.

*Western Express, Inc. v. Brentwood Services, Inc.*, No. M2008-02227-COA-R3-CV, 2009 WL 3448747 at *3 (Tenn. Ct. App. Oct. 26, 2009) (citing *Ind. State District Council of Laborers v. Brukardt*, No. M2007-02271-COA-R3-CV, 2009 WL 426237 at *8 (Tenn. Ct. App. Feb. 19, 2009)(perm. app. denied Aug. 24, 2009)). We noted that the quoted principle "is reflected in numerous court decisions and is well recognized." *Id*.

Consistent with the holding of *Western Express,* in resolving the issues raised in this appeal we find it appropriate to consider the following public records in addition to the complaint: (1) the quitclaim deed in which Summers conveyed the property to Highway 46; and (2) Highway 46's Articles of Organization and annual reports.

## II. ANALYSIS

In our *de novo* review of the dismissal of Highway 46's claims against Dickson, we liberally construe the complaint, presuming all factual allegations to be true and giving Highway 46 the benefit of all reasonable inferences. *See Pursell v. First American National Bank*, 937 S.W.2d 838, 840 (Tenn. 1996); *see also Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696–97 (Tenn. 2002). The portions of Highway 46's complaint pertinent to its claims against Dickson are as follows:

4. On December 13, 2005, [Summers] paid Cunningham Company $865,000 to buy land, which included two tracts containing several acres ["the Property"]. The Property was transferred to [Summers] by Cunningham Company via Warranty Deed prepared by the law firm of Ramsey, Thorton & Barrett, PLC [hereinafter, "the Law Firm"].

5. In connection with the real estate purchase, the Law Firm performed a pre-closing title search on behalf of Mr. Summers. In performing said title search, the Law Firm was also acting in connection with, or as an authorized agent of, Dickson Title.

6. In performing the title search, the Law Firm overlooked or otherwise failed to discover a prior recording, which purports to be a Judgment Lien against the Property held by [Ms. Singer]. Said Judgment Lien was previously recorded on April 28, 2005 . . . , and therefore, it had been of record as a public

5

document for over seven (7) months prior to [Summers'] purchase of the Property. . . .

7. (a) By Warranty Deed dated December 14, 2005, the Cunningham Company transferred the aforementioned real estate to [Summers]. The Warranty Deed associated with that transfer was prepared by the Law Firm.

(b) In connection with the preparation of the aforementioned Warranty Deed, the Law Firm was acting with, or on behalf of, Dickson Title.
***

14. By Deed dated February 15, 2006, [Summers] conveyed the property to Highway 46 Properties, LLC . . . .
***

27. Dickson was negligent in its performance of a pre-closing title search by and through the Law Firm. As a result, it is liable.
***

29. Dickson Title breached its express or implied contractual obligation to perform its pre-closing title search in a professionally acceptable standard. As a result, it is liable.

In order to prevail on a negligence claim, the plaintiff must establish (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate or legal cause. *Satterfield v. Breeding Insulation Co.*, 266 S.W.3d 347, 355 (Tenn. 2008) (citing *Naifeh v. Valley Forge Life Ins. Co.*, 204 S.W.3d 758, 771 (Tenn. 2006); *Draper v. Westerfield*, 181 S.W.3d 283, 290 (Tenn. 2005)).

The complaint alleged that Ramsey, Thorton & Barrett, PLC, acting as an authorized agent of Dickson, performed a pre-closing title search on behalf of Summers prior to December 14, 2005, and that the firm failed to discover a prior recorded judgment lien on the property; the complaint also alleged that Summers conveyed the property to Highway 46 after the title search, on February 15, 2006. These allegations, taken as true, do not establish a duty that Dickson owed Highway 46; rather, any duty relative to the title search was owed to Mr. Summers. Consequently, Highway 46 has failed to allege the first element in proving a claim of negligence.

6

In like manner, the complaint failed to allege any facts to show that Dickson had an express or an implied contract with Highway 46 to perform a title search on its behalf. The language of paragraph 29 is conclusory and fails to allege facts which, if proven, would entitle Highway 46 to relief.

Accordingly, the trial court correctly determined that the complaint failed to state a claim in either contract or tort against Dickson.

## CONCLUSION

For the foregoing reasons, the judgment dismissing the third party complaint is affirmed.

_____
RICHARD H. DINKINS, JUDGE

7